WESTERVELT (UNITED STATES v.). See Case No. 16,668.

WESTERVELT (VANDEWATER v.). See Case No. 16,846a.

---

## Case No. 17,446.

### WESTERWELT v. LEWIS et al.

[2 McLean, 511.] [1]

Circuit Court, D. Illinois. June Term, 1841.

JUDGMENT OF ANOTHER STATE — CONCLUSIVENESS — PLEA OF NUL TIEL RECORD.

1. Under the constitution and act of congress, the judgment of a court in any state is conclusive; and the same effect is given to it in every other state as it had in the state where rendered.

[Cited in Tenney v. Townsend, Case No. 13,-882.]

[Cited in Melhop v. Doane, 31 Iowa, 400.]

2. This question arises under the constitution of the United States and act of congress, and the decision of the supreme court of the Union is consequently binding. Indeed that court can exercise appellate jurisdiction on the subject.

[Cited in Lincoln v. Tower, Case No. 8,355.]

3. A plea of nil debet, in an action brought on a judgment, is bad on demurrer.

4. The record, when duly authenticated, contains absolute verity, and is conclusive.

[Cited in Lincoln v. Tower, Case No. 8,355.]

5. Where no process was served on the defendant, and there has been no appearance, the judgment is a nullity.

[Cited in Wetherill v. Stillman, 65 Pa. St. 115.]

6. A proceeding by attachment is a proceeding in rem, and only binds the defendant to the extent of the property levied on.

[Cited in Horner v. Doe, 1 Ind. 133. Cited in note to Doe v. Bowen, 8 Ind. 200.]

7. Where it appears, from the record, that process was served, or that there was an appearance, the fact cannot be controverted.

[Cited in U. S. v. Walsh, 22 Fed. 648; U. S. v. Gayle, 45 Fed. 107.]

8. Nul tiel record, the only proper plea in such a case.

[Cited in Westcott v. Brown, 13 Ind. 86.]

Mr. Krum, for plaintiff.

Mr. Logan, for defendant.

McLEAN, Circuit Justice. This is an action of debt brought on a judgment obtained against the defendants, by the plaintiff, in the state of New York.

[1] [Reported by Hon. John McLean, Circuit Justice.]

The defendants filed two pleas: First. Nil debet. Second. That no notice was served on the defendants before the rendition of the judgment. To these pleas the defendants demurred.

The 1st section of the 4th article of the constitution of the United States declares, "that full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every state. And congress may, by general laws, prescribe the manner in which such acts, records and proceedings, shall be proved and the effect thereof." In the act of the 26th of May, 1790 [1 Stat. 122], it is provided "that the records and judicial proceedings of the courts of any state shall be proved or admitted in any other court, within the United States, by the attestation of the clerk, and the seal of the court annexed, if there be a seal, together with a certificate of the judge, chief justice, or presiding magistrate, as the case may be, that the said attestation is in due form. And such records and judicial proceedings, so authenticated, shall have such faith and credit given to them in every court within the United States, as they have by law or usage in the court of the state from whence the said records are or shall be taken." On reading this act and the constitution, it would scarcely be expected that any difference of opinion could arise on the construction of either. It is still more extraordinary, that after the supreme court, by repeated adjudications, had settled the construction of both, that any state court should adhere to a different opinion. This is so opposed to the course of the supreme court, in following the construction of the state constitutions and statutes, by the state courts respectively, that it was not anticipated. In fact, as regards the construction of the constitution and the act of congress, the supreme court have appellate powers over the supreme court of a state.

In the case of Mills v. Duryee, 7 Cranch [11 U. S.] 481, the court held that a record authenticated as required by the act of congress gives the same effect to the record, as evidence, as is given to it in the state where the judgment was rendered. That the only inquiry is, what is the effect of the judgment in such state. That whatever might be the effect of a plea of nil debet to an action on a state judgment after verdict, it is bad on demurrer. That an exemplification of the original record was sufficient without the original.

In Hampton v. M'Connel, 3 Wheat. [16 U. S.] 234, the chief justice says: "This is precisely the same case as that of Mills v. Duryee [supra]. The doctrine there held was, that the judgment of a state court should have the same credit, validity and effect, in every other court of the United States, which it had in the state where it was pronounced; and that whatever pleas would be good to a suit thereon in such

state, and none others, could be pleaded in any other court in the United States." That case was brought before the court by a writ of error to the circuit court of the United States, in New York. A nil debet was pleaded to which there was a demurrer. And the court again decided, as they had done in the case of Mills v. Duryee [supra], that the plea was bad.

In pursuance of these decisions the courts of the United States have uniformly acted. And the same rule has been adopted by many of the state courts. The plea of nil debet puts in issue the existence of the debt at the time of pleading. And if this be a good plea in an action on a judgment, it puts in issue the debt evidenced by such judgment. This cannot be done if any effect be given to the act of congress and the constitution. The judgments of a sister state were, at first, treated in New York as foreign judgments. They were considered only as prima facie evidence of indebtment, liable, of course, to be impugned. And although this ground has been somewhat receded from, yet it is difficult to determine what has been given up when a defendant is still at liberty to take issue upon the fact of his appearance, which is stated on the record. The adjudications in Massachusetts are not materially different, on this point, from those of New York. 5 Wend. 148; 9 Mass. 467. Where, from the face of a record, it appears that the defendant has not been served with process, and has entered no appearance in the case, the judgment is treated as a nullity. And where, under the laws of some of the states, an attachment is the first process, and that being levied on any article of property, however small, gives jurisdiction to the court, a judgment is obtained, it is only considered as a proceeding in rem.

It is not in the power of a state court or a court of the United States, by process of attachment, to take cognizance of an individual who is not within its jurisdiction, and bind him personally by a judgment. Such a proceeding binds the property attached; but beyond that the defendant is not bound. It is a proceeding in rem, and, except the property levied on, the court have no more power to affect the interests of an individual than if no process had been issued against him. That the court had jurisdiction of the person of the defendant must appear from the record, and where such fact does appear it cannot be controverted. As well might any other fact in the record be denied as this. The record is made out under the authority of the court, and purports absolute verity. As evidence it cannot be questioned. If, in making up the record, through the inadvertence of the clerk, a mistake has occurred, the only mode of correcting it is by application to the court who gave the judgment, and who have a right, at all times, to correct clerical

errors. By a statute in New York, where individuals are sued as co-partners, and process is served on one, judgment may be entered up against all of them, which operates only against the partnership property. And the partners on whom the process was not served, are permitted to come in on certain conditions, to contest the right of the plaintiff. And it is insisted that on one of the present defendants notice was not served, and on that ground the defendants have filed the second plea. To this it may be answered in the first place, that the record shows a notice to the defendants. And in the second, that, admit the truth of the plea, the defendant could not ask to be placed in a more favorable position here than he could have claimed in the state of New York. This would seem to result from the decisions adverted to, under the act of congress. If the same effect is to be given to this record, as evidence, as would be given to it in New York, it must be conclusive of all the matters adjudged, unless they shall be opened up in the manner provided. In giving a judgment on this record we give to it the same effect that it had in New York. Nul tiel record is the only plea, perhaps, which can be filed to an action founded on a record. We do not speak of fraud which vitiates all transactions, judicial as well as others, and which may be set up by third parties, but not as between the parties on the record.

The demurrer to the pleas is sustained. Judgment.