## Wetherill *versus* Stillman.

1. *It seems* that in a suit on a judgment in another state, the insufficiency of the authentication of the record would not prevent a judgment for want of a sufficient affidavit of defence.

2. Such objection would prevent the record being evidence on a trial.

3. A judgment of a court of another state properly authenticated has the same conclusiveness in Pennsylvania as at home.

4. Unless it be shown that the court was of special or limited jurisdiction no averment can be made against the conclusiveness of its record.

5. A record of a New York court showed that the parties had been personally summoned; this was conclusive that the court had jurisdiction of all the parties.

6. An affidavit of a defendant in a suit on this record that he had not been served, amounted to nothing against it.

7. *Omnia præsumuntur rite esse acta* applies to such record.

8. Proof of jurisdiction cannot be required when a court has assumed to exercise it legally.

9. The record showed that costs were included in a judgment for a gross sum.  *Held,* that the judgment was a unit, and interest was allowable on the whole.

10. A rule for judgment for want of affidavit of defence was discharged; this did not prevent entering judgment on a second rule.

[Wetherill *v.* Stillman.]

March 23d 1870. Before THOMPSON, C. J., AGNEW, SHARS-WOOD and WILLIAMS, JJ. READ, J., at Nisi Prius.

Error to the Court of Common Pleas of *Northampton county:* No. 362, to January Term 1870.

This was an action of debt, commenced February 4th 1868, by Granville S. P. Stillman against Samuel Wetherill, Alve E. Laing and Howard E. Laing. Wetherill only was summoned.

The cause of action was a judgment against the defendants in favor of the plaintiff, in the Court of Common Pleas of the city and county of New York. On the 16th of April 1868 the plaintiff filed a certified copy of the record in the suit in New York.

The material parts of the certificate are as follows :—

" Know ye, that we, having examined the records and files in the office of the clerk of our Court of Common Pleas, for the city and county of New York, do find there remaining on file of record a certain judgment record in the words and figures following, to wit :—

" Granville S. P. Stillman *v.* Alve E. Laing, Samuel Wetherill and Howard E. Laing.

" To the defendants : You are hereby summoned and required to answer the complaint in this action, which will be filed in the office of the clerk of the court, city and county of New York, at New York City Hall, and to serve a copy of your answer to the said complaint on the subscribers, at their office, No. 10 Wall street, New York, within twenty days after the service of this summons on you, exclusive of the day of such service ; and if you fail to answer the said complaint within the time aforesaid, the plaintiff in this action will apply to the court for the relief demanded in the complaint.

" Dated January 23d 1866.

" HAWKINS & COTHERN,<br>" Plaintiff's Attorney."

The complaint followed—it was that the defendants were and are partners as stock-brokers, and the plaintiff employed them to purchase stock on a margin to be deposited ; that they purchased the stock, and he deposited a margin, and defendants afterwards sold the stock without his orders and without notice.

Then followed the answer, admitting the defendants had been partners, but denying that they then were, and denying the other material allegations of the complaint ; signed " Albert Day, defendants' attorney," with an affidavit of their truth by Alve E. Laing ; also the plaintiff's reply. Afterwards this entry :—

" This action coming on to be heard this day, in its order on the calendar, the parties appeared by their respective counsel, and a jury being impannelled and sworn, rendered a verdict for the plaintiff for $730. Ordered judgment therefor, with costs."

[Wetherill *v.* Stillman.]

Then followed the bill of costs stated in items, amounting to $215.38.

After which followed:—

"Statement of Judgment.

| | | | | | | |
|---|---|---|---|---|---|---|
| "Amount of verdict . | . | . | . | . | . | $730.00 |
| "Interest | . | . | . | . | . | 7.76 |
| | | | | | | $737.76 |
| "Costs as per bill | . | . | . | . | . | 215.38 |
| | | | | | | $953.14 |

"Judgment.

"December 20th 1867. The summons in this action having been personally served on the defendants, and they having demanded the plaintiff's complaint and answered the same, and the said cause having been duly reached and tried by a jury, on the 7th day of November 1867, and a verdict rendered for the plaintiff for $730: Now, on motion of G. S. P. Stillman, plaintiff's attorney, it is hereby adjudged that Granville S. P. Stillman, the plaintiff, recover of Alve E. Laing, Samuel Wetherill and Howard E. Laing, the defendants, the sum of $737.76, the amount of the verdict and interest, with $215.38, costs and disbursements, amounting in the whole to the sum of $953.14.

"NATHANIEL JARVIS, JR., Clerk.

"Judgment-roll filed December 20th 1867.

"All which we have caused by these presents to be exemplified, and the seal of our said Court of Common Pleas to be hereunto affixed."

This was signed by the clerk, under date of February 18th 1868. John R. Brady, presiding judge of the Court of Common Pleas, &c., certified that Nathaniel Jarvis was clerk of that court, that the seal affixed was the seal of the court, and that the attestation was in due form. The clerk, under the seal of the court, certified that John R. Brady was presiding judge of the court; that the signature of the judge was genuine.

On the 28th of February the plaintiff filed an exemplification of this New York record.

On the 16th of April 1868 another exemplification from the New York court was filed, viz. :—

"To all to whom these presents shall come, or may concern, greeting :

"Know ye, that we, having examined the records and files in the office of the clerk of our Court of Common Pleas, for the city and county of New York, do find there remaining on file of record

[Wetherill *v.* Stillman.]

a certain order and papers thereto annexed, in the words and figures following, to wit."

Then follows a copy of the summons.

After which this affidavit of service, viz.:—

"George Henry Bailly, being duly sworn, says that, on the 23d day of January 1866, at No. 18 Broad street, in the city of New York, he served a copy of the annexed summons on the defendants, Alve E. Laing and Samuel Wetherill, and on the 24th day of January 1866, at the same place, on Howard E. Laing, the defendants in this action, by delivering the same to each of such defendants personally, and leaving the same with them. He further says that he knew the persons served as aforesaid, to be the persons mentioned and described in said summons as the defendants in this action."

"It appearing from the record in this action that the defendants only appeared therein by attorney, and that a trial was duly had, and a verdict rendered and judgment entered for the plaintiff, and that plaintiff has omitted to file proof of service of summons upon the defendants: Now, on motion of G. S. P. Stillman, plaintiff in person, ordered that the judgment-roll in this action be supplemented and amended by filing the annexed proof of service of summons as of the date of entry of judgment herein.

"April 11th 1868.   A copy.

                    "NATHANIEL JARVIS, JR., Clerk.

"All which we have caused by these presents to be exemplified, and the seal of our said Court of Common Pleas to be hereunto affixed.   Witness, Hon. JOHN R. BRADY," &c.

The whole was certified on the 13th of April as in the former record.

With this exemplification the plaintiff filed the following affidavit:—

"Granville S. P. Stillman being duly sworn says, That the above action has been brought to recover the sum of $953.14, the amount due upon a certain judgment, obtained in the Court of Common Pleas of said city of New York, a certified copy of which has been filed of record in his case, which said certified copy the affiant begs may be taken as a part of this statement of claim. Affiant further deposes and says that the whole of said sum of $953.14, together with lawful interest thereon at the rate of 7 per cent. per annum from the 20th day of December ultimo, is still due and owing from the defendant above named to this affiant, who is the plaintiff above named, and further saith not."

On the 26th of May, Wetherill filed an affidavit of defence as follows:—

"Samuel Wetherill, the defendant summoned, being duly sworn

[Wetherill *v.* Stillman.]

according to law saith that he, the deponent, has a just and legal defence to the claim of the plaintiff as set out by him and filed of record in the above case. That this deponent is not indebted to the plaintiff above named in the sum of nine hundred and fifty-three dollars and fourteen cents with interest thereon at the rate of seven per cent. from the 20th of December ultimo, as by said plaintiff it is alleged, nor in any other sum of money whatever. That no writ of summons nor any legal process at the city of New York was served upon this deponent within his recollection, nor did he, this deponent, appear or take defence to any action of the above plaintiff at the city of New York, nor did this deponent ever authorize any one to appear for him as counsel. And this deponent further saith that he was wholly ignorant of any proceedings such as stated in plaintiff's affidavit as being instituted and pending as against him this deponent in the Court of Common Pleas of the city of New York, and that the judgment obtained against this deponent as alleged is unjust and illegal. That this deponent has no personal acquaintance with the plaintiff above named, nor has he, this deponent, ever had any dealings or business transactions with said plaintiff whatever. That this deponent at no time did ever employ as counsel either Abraham R. Lawrence, Junior, or Albert Day, whose names are affixed to the record, nor did this deponent ever instruct them or either of them to appear and set up defence for this deponent in the suit at the city of New York above mentioned. That the record of said suit is informal and incomplete, and further insufficient, as this deponent is informed and believes, by reason of its not being certified according to Act of Congress and for other defects apparent thereon, and further saith not."

The following are rules of the Court of Common Pleas of Northampton county :—

" Sect. 10. In actions on recognisances, judgments, mortgages, &c., * * * if the plaintiff shall file on or before the return-day of the writ, * * * an affidavit stating the amount he verily believes to be due from the defendant, together with a copy of the book entries, or instrument upon which the suit is brought, or where the claim is not evidenced by writing, a brief of the same, verified as aforesaid, he shall be entitled to judgment without filing a declaration at any time after twenty days from the return-day of the writ, * * * unless the defendant shall have filed an affidavit of defence, setting forth fully the nature and character of the same.

" Sect. 15. Where an affidavit of defence is filed and the same is defective in matter of substance, the court on motion or after hearing on rule granted, will enter judgment for the plaintiff for want of a sufficient affidavit of defence, reserving the right to receive supplemental affidavits when necessary to prevent injustice."

[Wetherill *v.* Stillman.]

On the 1st of June, the plaintiff obtained a rule to show cause why judgment should not be entered for want of a sufficient affidavit of defence.   On the 18th of January 1869 this rule was discharged by consent; January 25th a declaration was filed, and the defendant pleaded "nul tiel record."   On the 27th of April the plaintiff again obtained a rule to show cause why judgment should not be entered for want of a sufficient affidavit of defence. On the 13th of October 1869, this supplemental affidavit was filed :

"Robert I. Jones, attorney for Samuel Wetherill, the defendant summoned in this action, being duly sworn according to law saith, that in the month of January 1866, and at the time of the issuing of the summons in the original suit upon which the present action is founded, Samuel Wetherill, one of the defendants above named, was not a resident of the city or state of New York, but was then a resident of the Commonwealth of Pennsylvania, all which from information given him by the said Samuel Wetherill he firmly believes to be true and expects the said defendant will be able to prove on the trial of this cause."

On the 17th of January 1870, the court (Longaker, P. J., delivering the opinion) discharged the rule and ordered "that judgment be entered in favor of the plaintiff and against the defendant Samuel Wetherill for the amount of claim as set forth in the plaintiff's affidavit of claim, and that interest be computed at the rate of seven per cent. from the time of the rendition of the judgment in the Court of Common Pleas of the city of New York, &c.   Same day, debt ascertained by the prothonotary to be $1160.23."

On the 1st of February, the defendant, Wetherill, filed the following affidavit :—

"Samuel Wetherill, defendant summoned, being duly sworn according to law saith he is now a resident of Baltimore, Maryland, and has resided there since the 1st of August last, that he came to Easton on the first notice received by him of judgment rendered by the court against him for want of a sufficient affidavit of defence, which notice reached this defendant on Friday last, the 28th inst. That the nature of his employment in Baltimore is such that he was unable to come to Easton sooner.   He further saith that to the best of his recollection, knowledge, belief and information, no writ of summons or notice of any kind in the shape of an original writ or substitute therefor was served upon him or given to him at the city of New York, conveying knowledge to him of the institution of the above action against the above firm of which this deponent formerly was a member.   He further saith that the attorneys whose names are entered of record for defendants at New York were neither of them employed by him, this defendant, nor by any one on his behalf.   That he was informed subsequent to the judgment in New York by Alve E. Laing (and verily

[Wetherill *v.* Stillman.]

believes) they were employed by him, the said Laing, for the firm of ' Laing, Wetherill & Co.,' as attorneys. Deponent further saith that the appearance entered by said attorneys according to the best of his knowledge, information and belief was for the firm and not in any way for this deponent individually, each and all of which allegations he expects and believes he can verify and prove on the trial of this cause.

" The very first knowledge that I ever had of any such suit brought in New York I received after judgment had been obtained, from Alve E. Laing, who informed me that an execution had been issued at New York, and that a portion of the firm property, books, &c., had been levied upon and all of which he can prove on trial."

On the same day a rule was granted to show cause why the judgment should not be opened and the defendant permitted to file a supplemental affidavit of defence.

February 9th. This rule was discharged.

The defendant took a writ of error and assigned the following errors :—

1. The court erred in entering judgment on the foreign record supplemented below, by the affidavit of Bailly and certificate of service of summons after the original judgment was entered and after this suit was brought.

2. The court erred in entering judgment for want of sufficient affidavit of defence.

3. The court erred in allowing seven per cent. interest on Stillman's claim from date of judgment in New York, a large portion of the claim being costs.

4. The court erred in refusing to open the judgment on the supplemental affidavit of Wetherill filed and motion made therefor.

5. The court erred in discharging the rule of defendant to show cause why he should not be allowed to file his supplemental affidavit and to have judgment against him opened thereon.

6. The court erred in granting and making absolute Stillman's second rule for judgment, the first rule for same purpose taken June 1st 1868, having been discharged by consent.

*R. L. Jones, H. Green* and *M. H. Jones*, for plaintiff in error. —The record showed no service on Wetherill. The record cannot be supplemented by an ex parte affidavit of service: Noyes *v.* Butler, 6 Barb. 613. The judgment of another state is as effectual in extinguishing a demand as the judgment of a home court: Besley *v.* Palmer, 1 Hill 482. "Nul tiel record" is the only plea: Benton *v.* Burgot, 10 S. & R. 240. The New York judgment of December 20th 1867 was final: 3 Blacks. Com. 275–408. The court below alone had jurisdiction after suit here: Story's Confl. of Laws, § 608; Wilson *v.* Mechanics' S. Bank, 9 Wright

[Wetherill *v.* Stillman.]

488. There can be no recovery on an interest acquired after suit: Alden *v.* Grove, 6 Harris 377; Duncan *v.* Lawrence, 12 Id. 154. Presumption in favor of jurisdiction does not apply to foreign judgments: Coit *v.* Haven, 30 Conn. 190; Roberts *v.* Orr, 6 P. F. Smith 180; Finneran *v.* Leonard, 7 Allen 56; Ward *v.* Baker, 1 E. D. Smith 423. The action was incomplete when the suit was commenced here: Pennell *v.* Grubb, 1 Harris 554; Speers *v.* Sterrett, 5 Casey 194. Plaintiff cannot by his oath allege facts without which there could be no recovery: Imhoff *v.* Brown, 6 Casey 506. In an action against several, one not being served, the judgment is not good: D'Arcy *v.* Ketchum, 11 How. 165; Hollingsworth *v.* Barbour, 4 Peters 473; Walden *v.* Craig, 14 Id. 154; Steel *v.* Smith, 7 W. & S. 447; Campbell *v.* Steele, 1 Jones 394; Webster *v.* Reid, 11 How. 437. The court not having jurisdiction over the person cannot make a record as to him: Borden *v.* Fitch, 15 Johns. R. 132. An act in *fraudem legis* cannot be the basis of a suit: Jackson *v.* Jackson, 1 Id. 424. A defendant may contest the jurisdiction in a foreign record, although not the merits: Ferguson *v.* Mahon, 11 Ad. & E. 179; Robson *v.* Eaton, 1 T. R. 62. Although the record states notice was given, the court of another state will inquire whether it was sufficient: Ewer *v.* Coffin, 1 Cush. 23; Baxley *v.* Linah, 4 Harris 249; Moore *v.* Fields, 6 Wright 473; Rogers *v.* Burns, 3 Casey 527. The appearance of Day was after the dissolution, and therefore void as to Wetherill: Bennet *v.* Marshall, 2 Miles 436; Phelps *v.* Brewer, 9 Cushing 390; Luckenbach *v.* Anderson, 11 Wright 123. If defendant shows that he was not served, a record reciting service may be impeached: Norwood *v.* Cobb, 24 Texas 551; Carlton *v.* Bickford, 13 Gray 591; Bissell *v.* Wheelock, 11 Cush. 277; Starbruck *v.* Murray, 5 Wendell 148; Shumway *v.* Stillman, 4 Cowen 292; Bradshaw *v.* Heath, 13 Wendell 407; Noyes *v.* Butler, 6 Barb. 613. The plaintiff shows he had no cause of action when suit was brought, and no affidavit of defence was required: Osborn *v.* Moncure, 3 Wendell 170; Thomas *v.* Shoemaker, 6 W. & S. 183. The affidavit set forth everything substantially, no more is required: Leibersperger *v.* Reading Sav. Bank, 6 Casey 533; Hogg *v.* Orgill, 10 Id. 345; Wood *v.* Watkins, 4 Wright 458; Gallinger *v.* Hoon, 1 Grant 59; Hugg *v.* Scott, 6 Whart. 274; Thompson *v.* Clark, 6 P. F. Smith 33. Interest is not allowed on costs; Rogers *v.* Burns, 3 Casey 525. The discharge of the first rule was a waiver of a second: Lusk *v.* Garrett, 6 W. & S. 89; O'Neal *v.* Rupp, 10 Harris 397; Hamer *v.* Humphreys, 2 Miles 28; Duncan *v.* Bell, 4 Casey 516. Wetherill's residence in Baltimore prevented his being in court at the time judgment was rendered; he applied for relief at the earliest moment: Bloomer *v.* Reed, 10 Harris 51. The court disregarded their own rules, and their action can be reviewed: Green

[Wetherill *v.* Stillman.]

*v.* Hallowell, 9 Barr 53; Magill's Appeal, 9 P. F. Smith 430. Trial by jury cannot be waived by implication: Trimble's Appeal, 6 Watts 133; Lauman *v.* Young, 7 Casey 310.

*A. Crist* and *W. W. Schuyler*, for defendant in error.—A general allegation in an affidavit of defence is not sufficient: Stitt *v.* Garrett, 3 Whart. 283; Knapp *v.* Oil Co., 3 P. F. Smith 190; Bank of U. States *v.* Thayer, 2 W. & S. 446; Dewey *v.* Dupuy, Id. 553; Mahon *v.* Gormley, 12 Harris 80. It is to be presumed that the New York court had jurisdiction: Baxley *v.* Linah, 4 Harris 249. The court below is the interpreter of its own rules: Dailey *v.* Green, 3 Harris 128; Wickersham *v.* Russell, 1 P. F. Smith 71. The authentication of the record was not inquirable into on an affidavit of defence: Dewey *v.* Dupuy, 2 W. & S. 556; Moore *v.* Fields, 6 Wright 471. The affidavit is to the defendant's "recollection," which is not enough: Woods *v.* Watkins, 4 Wright 458; Brown *v.* Street, 6 W. & S. 223; Black *v.* Halstead, 3 Wright 64. The appearance of an attorney is binding: 1 Tr. & H. Pr. 224; Scott *v.* Israel, 2 Binn. 145; McCullough *v.* Guetner, 1 Id. 214; Hall *v.* Law, 2 W. & S. 121; Luckenbach *v.* Anderson, 11 Wright 126; Marsh *v.* Marshall, 3 P. F. Smith 399. Interest was chargeable on the whole judgment, including costs: Rogers *v.* Burns, 3 Casey 525.

The opinion of the court was delivered, July 7th 1870, by

THOMPSON, C. J.—The question here and as it was below is mainly as to the sufficiency of the affidavit of defence filed below.

The plaintiff's cause of action was upon a judgment against the defendant and others in the Common Pleas of the city and county of New York. The record of that judgment was certified and filed in the court below, as the copy of plaintiff's claim, accompanied by his affidavit of indebtedness on part of the defendant, as required by the rules of court of Northampton county. The affidavit of defence may be stated in substance as denying any indebtedness whatever by the defendant to the plaintiff; charging that the judgment of the Court of Common Pleas of the city and county of New York was unjust and illegal; that no writ of summons or other legal process in that action was ever, *within the defendant's recollection,* served on him; that he never appeared to said action, nor authorized any one to appear for him; "that at no time did he employ as counsel either Abraham S. Lawrence, Jr., or Albert Day, whose names are affixed to the record as counsel, to appear for him in that action; and that he is informed and believes that the record of said judgment is informal, incomplete and not certified according to Act of Congress."

It has not been shown wherein the certificate is deficient according to the requisition of the Act of Congress. On the

15 P. F. SMITH—8

[Wetherill *v*. Stillman.]

contrary, we think it strictly complies with the act. It is very doubtful whether a deficiency in this respect would avail to prevent judgment for want of a sufficient affidavit of defence, even if it existed. I incline to think it would not, and Moore *v*. Fields, 6 Wright 471, sustains this view. No doubt a well-founded objection of this kind would prevent it being evidence in a trial at law; but that is quite another thing from the purpose it serves, as the foundation of the plaintiff's claim under the affidavit-of-defence law or rule of court.

But as there is a denial in effect of the jurisdiction of the Court of Common Pleas of the city and county of New York of the person of the defendant, when judgment is certified and is the foundation of plaintiff's claim, we must look at the certificate of the record and its effect in order to determine how far the affidavits of defence may have an operation in that direction.

The Constitution of United States, Art. 4, § 1, declares "that full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state," and that Congress may prescribe a mode of authentication of such records. Accordingly by Act of the 26th of May 1790, Congress prescribed that the said records and judicial proceedings authenticated as therein directed, "shall have such faith and credit given them in every court within the United States, as they have by law or usage in the courts from whence said records are or shall be taken."

Now the effect of the record of the case in hand being, as already said, properly authenticated according to the Act of Congress, is to give the same conclusiveness here which it has in the state of New York. Without it were shown that the court which rendered the judgment was a court of special or limited jurisdiction, no averment can be made against the conclusiveness of its record. That is not pretended. We are therefore bound to regard what it has adjudicated upon as incapable of contradiction collaterally here, because that would be the effect upon the record there.

The judgment roll of the court in New York recites most distinctly that the parties *were personally summoned*, and that after trial and verdict, judgment was entered on the verdict against them for the amount of the verdict and costs. This recital shows conclusively the jurisdiction of the parties in that suit of which the defendant was one, and it cannot be contradicted or averred against in an action on the record without denying the effect which by the Constitution and Act of Congress it is entitled to have conceded to it. Consequently the defendant's affidavit in this particular amounted to nothing against the record to which it referred. The supplemental record, showing the return of the officer of the service of process on the defendant, neither helped

nor harmed the record just filed. As it was filed before the affidavit of defence was made by the defendant, it might have had the effect of inducing greater caution in insisting on want of memory, as persuasive that no service had been made; and it further shows how much at fault memory often is.

As to the jurisdiction by the court in New York of the cause of action, that is concluded by the legal maxim always applicable to judicial proceedings: " *Omnia præsumuntur rite esse acta.*" It must be presumed that the court has exercised jurisdiction legally; a contrary presumption would necessarily imply usurpation on part of the court. To require proof of jurisdiction when the court is a court of general jurisdiction, would be to countenance the idea of the possibility of usurpation on part of the court, and would overthrow at once the conservative maxim alluded to. The conclusiveness of such records as this, is sustained by many decisions: Baxley *v.* Linah, 4 Harris 241; Hampton *v.* McConnell, 3 Wheat. 234; Mills *v.* Duryee, 7 Cranch 481; Westernell *v.* Lewis, 2 McLean 511; 2 Amer. Lead. Cases 774. Neither, therefore, as to the jurisdiction of the person nor the subject-matter of the action, was the affidavit effectual to raise an inquiry into the judgment, and the court below very properly granted judgment against the defendant for want of sufficient affidavit of defence.

The record of the judgment from New York shows that the plaintiff's costs were included in, and formed parcel of, the judgment. We are to presume that this is in conformity with the laws of that state. Indeed the Code of Procedure, sect. 311, shows it to be so. Being therefore lawfully part of the judgment, interest would be as certainly an incident of that portion of it as any other. The judgment is a unit. It all bears interest or none. As a rule it bears interest, and the affidavit shows no reasons to the contrary. The court committed no error, therefore, in entering judgment with interest on the judgment record. Nor was there error in granting judgment for want of a sufficient affidavit of defence after a former rule had been discharged. There were doubtless good reasons for discharging the first rule, as we see there was for granting a second and making it absolute.

Seeing no error in the record, the judgment is affirmed.

SHARSWOOD, J., dissented.