124      280
207      387

## T. H. MINK v. M. D. SHAFFER.

ERROR TO THE COURT OF COMMON PLEAS OF LEHIGH COUNTY.

Argued February 6, 1889—Decided February 18, 1889.

(a) In an action of assumpsit, the plaintiff's statement under the procedure act of May 25, 1887, P. L. 271, averred that it was founded upon a judgment of the District Court of Benton county, Iowa, assigned to the use plaintiff, that a sum certain was still due thereon from the defendant, and referred to an annexed exemplification of the record of the judgment as a part thereof.

(b) The exemplification showed a judgment with the names of the plaintiff and defendant and of the counsel appearing for each, the date of a trial and verdict, as also the date of the judgment on the verdict and its amount, and was certified by the clerk of the court, without authentication as required by act of Congress: 1 Rev. St. U. S., § 905.

1. The defendant filing no denial, either of the cause of action, of the jurisdiction of the Iowa court over his person or the subject-matter of the action, of the plaintiff's identity, of his own identity with the defendant in the judgment, or of the authority of counsel to appear for him, the

Statement of Facts.

statement was sufficient to entitle plaintiff to judgment, though not set-
ting out the nature of the original action and that the Iowa court had the
jurisdiction required, and though the exemplification was unauthenti-
cated.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and
MITCHELL, JJ.

No. 146 January Term 1889, Sup. Ct.; court below, No. 7
September Term 1888, C. P.

On June 21, 1888, Maria D. Shaffer, for the use of H. C.
Piatt, brought assumpsit against T. H. Mink, and filed the
following statement of claim verified by affidavit:

" The above action of assumpsit is brought on a certain
judgment recovered at a term of the District Court of Iowa,
holden within and for the county of Benton, in said state of
Iowa, at Vinton, on the 26th day of March, A. D. 1878, for the
sum of five thousand dollars and the sum of fifteen dollars and
eighty cents costs, upon which judgment there has been
received the sum of four thousand four hundred ($4,400)
dollars and the costs.

" That for a valuable consideration said judgment has been
assigned by the original plaintiff therein to H. C. Piatt, of
Tipton, Iowa, who is now the absolute owner thereof, as shown
by a true and correct transcript of said judgment and pro-
ceedings had thereunder, under the seal of said court, which
transcript is hereto attached and made a part of this state-
ment. And the plaintiff says there is now due and owing
him, from said defendant, on said judgment, the sum of twenty-
one hundred ($2,100) dollars, with interest thereon at six per
cent per annum from the 27th day of March, 1883, to recover
which, with the costs of this present suit, the above action is
brought.                    HENNINGER & DEWALT,
                                        Attorneys for Plaintiff.

" STATE OF IOWA, ⎫ ss.:
    CEDAR COUNTY, ⎭

" I, H. C. Piatt, the above plaintiff, being duly sworn accord-
ing to law, depose and say that the facts set forth in the forego-
ing statement are true and correct to the best of my knowledge
and belief, and that there is due and owing me from the
defendant on said judgment, which has been assigned to me,

a transcript of which is hereto attached, the sum of twenty-
one hundred ($2,100) dollars, with interest thereon at six per
cent per annum from the 27th day of March, A. D. 1883, to
recover which, with the costs of the present suit, the above
action is brought.                               H. C. PIATT.

    [Verified.]

### "TRANSCRIPT OF JUDGMENT.

"Now, to wit, March 13, 1878, this cause having been reached
for trial, plaintiff appears by I. M. Preston, her attorney, and
defendant fails to appear and defend. Thereupon a jury is
called, as follows : . . . . , twelve good and lawful men, and
there being no exceptions to the panel nor to any of said
jurors, they are duly sworn and the trial proceeds, and the
testimony and argument of counsel being heard the jury is
duly instructed by the court and retires in charge of a sworn
bailiff for deliberation; and again, on the same day, the jury re-
turned into court with a verdict for plaintiff for four thousand
dollars actual damages and one thousand dollars exemplary
damages. And now, to wit, March 26, 1878, in consideration
of the premises, it is ordered and adjudged by the court that
plaintiff, Maria D. Shaffer, do have and recover of defendant,
T. H. Mink, the sum of five thousand dollars damages and the
costs of this action, taxed at fifteen dollars and eighty cents.

"STATE OF IOWA,   } ss.:
  BENTON COUNTY, }

"I, Matt. Gaosch, clerk of the District Court in and for said
county, do certify that the foregoing is a full, true and correct
copy of the record in the case of Maria D. Shaffer, plaintiff,
versus T. H. Mink, defendant, as the same appears of record
in my office.

"Witness my hand and the seal of said court hereto affixed,
at my office in Vinton, in said county, on this 13th day of
June, 1888.

    [SEAL]                          MATT. GAOSCH, Clerk."

Following the above transcript of judgment and as a part of
the record sued upon, was what purported to be an abstract of
the judgment docket of the District Court of Benton county,
Iowa, embracing the names of counsel for plaintiff and defend-

ant, the names of the parties plaintiff and defendant, the date of the judgment, the amount thereof, amount of costs, and the book and page where the record was found, and, under the head of remarks, a statement that a special execution was issued and returned satisfied in part with $4,400 and costs, and that the judgment had been assigned by the plaintiff therein to H. C. Piatt; certified as a correct abstract from the judgment docket, under the hand and seal of Matt. Gaosch, clerk of the District Court, attested by his official seal, but not further authenticated.

Service of the writ was accepted on behalf of the defendant in this suit, and on July 24, 1888, no affidavit of defence being filed, judgment was entered in favor of the plaintiff for $2,786.75, and writ of fieri facias issued.

On July 30, 1888, on motion of the defendant, the fieri facias was stayed and a rule was granted to show cause why the judgment should not be stricken off, for the following reasons filed:

1. The record exhibits no such claim as will entitle the plaintiff to judgment.

2. The record sued upon is not authenticated as provided by the act of congress.

3. The copy of the record filed exhibits no cause of action.

4. The record sued upon does not show a personal service on the defendant.

5. The record does not purport to be, and from its face is not, a full record of the suit.

6. From the record it does not appear that the case was at issue.

The motion having been argued, the court, ALBRIGHT, P. J., on November 19, 1888, filed an opinion, which after stating the facts proceeded:

1. Is the judgment unauthorized and irregular?

The act of 1887 provides that the plaintiff's declaration shall consist of a concise statement of the plaintiff's demand, as provided by the fifth section of the act of March 21, 1806, 4 Sm. L. 328, which, in the action of assumpsit, shall be accompanied by copies of all notes, contracts, book-entries, or a particular reference to the records of any court within the county in which the action is brought, if any, upon which

the plaintiff's claim is founded, and a particular reference to such record, or to the record of any deed or mortgage, or other instrument of writing recorded in such county, shall be sufficient in lieu of a copy thereof; that the statement shall be signed by the plaintiff or his attorney, and in an action of assumpsit shall be replied to by affidavit; and that in the action of assumpsit judgment may be moved for for want of an affidavit of defence.

Said fifth section of the act of 1806 requires that the statement provided by it shall be one " particularly specifying the date of the promise, book account, note, bond, penal bill, or all or any of them, on which the demand is founded and the whole amount which he, she or they believe is justly due to him, her or them from the defendant." This action being upon a judgment of a court in the state of Iowa, the requirements of the act of 1887, relative to copies of the contract, etc., reference to the record, and the specifications contained in the act of 1806, do not apply.

2. Is the plaintiff's declaration "a statement of his demand?"

The statement (including the accompanying exhibits made parts thereof) sets forth that the demand is on a judgment of the District Court of Iowa, holden in and for Benton county, recovered by the plaintiff against the defendant in this action, the amount and the date of the rendition of such judgment, the manner in which it was obtained, the name of counsel who appeared to that action for the defendant, the amount of the costs, when and how a specified sum was made thereon, and the fact of assignment to the person for whose use this suit is brought. Surely, this is a specification of the facts and circumstances upon which plaintiff bases his demand.

But defendant's counsel contend that the record of the Iowa court shows that it is not a full record, and that it is not authenticated as required by the act of congress, 1 R. S., U. S., 905. Whether it is, or is not a full record need not be considered. It is not certified according to said act of congress, and if the objection in that reference is valid, the judgment must fall. If that objection is not well taken the judgment must be declared regular, because, as already remarked, the particulars of the plaintiff's demand are sufficiently set forth.

The reply of plaintiff's counsel on the point just referred to

is, that said requirement as to authentication applies only when a record of à court of another state comes into question as evidence, and not when it is referred to in the pleadings; that when a foreign judgment is the foundation of an action in this state, the plaintiff's statement of record of his demand need not contain or be accompanied by the proof by which the claim can be established.

Moore v. Fields, 42 Pa. 467, was an action in the District Court of Philadelphia, on a record of the Surrogate's Court of the city of New York, an exemplification of which was filed by plaintiff. The act relative to the practice in said court declared that the plaintiff should have judgment if defendant did not file an affidavit of defence, provided plaintiff had filed a copy of the instrument of writing, book-entries, record or claim on which the action was brought. The defendant filed an affidavit of defence, which the court held to be insufficient and entered judgment for the plaintiff. Upon a removal of the case to the Supreme Court, one of the assignments of error was that the exemplification filed by the plaintiff was not receivable in evidence and was insufficient as a ground for such judgment. As to this the Supreme Court said that it related to a question of evidence, which did not arise, because there was no trial, and that whether the record was so authenticated as to entitle it to admission in evidence on the trial of the cause, had there been a trial, was too fanciful and irrelevant an inquiry for consideration, and that the only question was whether judgment was properly entered for want of a sufficient affidavit of defence. The judgment was affirmed.

In Wetherill v. Stillman, 65 Pa. 105, judgment was entered for want of a sufficient affidavit of defence. The suit was on a judgment of a court of the state of New York, a copy of the record whereof plaintiff filed with his affidavit of claim. In sustaining the judgment, THOMPSON, C. J., said, " It has not been shown wherein the certificate is deficient according to the requisition of the act of congress. On the contrary, we think it strictly complies with the act. It is very doubtful whether a deficiency in this respect would avail to prevent judgment for want of a sufficient affidavit of defence even if it existed. I incline to think it would not, and Moore v. Fields, 42 Pa. 471, sustains this view. No doubt a well-founded

objection of this kind would prevent it being evidence in a trial at law, but that is quite another thing from the purpose it serves, as the foundation of the plaintiff's claim under the affidavit of defence law or rule of court."

I think it is plain that the authentication provided by said act of congress can only be insisted on when the record is offered as evidence. That act and the provision of the Federal Constitution relative to the credit to be given in each state to the judicial proceedings of every other state, are laws of evidence and not of pleading. That the certificate filed here is not in the form required by the act of congress does not affect the question before the court. That question is whether the declaration in this case is such a "statement of the plaintiff's demand" as the procedure act of 1887 contemplates. That it is sufficient is, I think, apparent from what has been said. It does, what Justice CLARK said in Gould v. Gage, 118 Pa. 559, that it should do, "conveys to the defendant the nature and extent of the plaintiff's claim."

Now, November 19, 1888, the rule to strike off the judgment is discharged.

The defendant then took this writ specifying that the court erred:

1. In entering judgment against the defendant for want of an affidavit of defence.

2. In refusing to strike off the judgment.

*Mr. Edward Harvey* (with him *Mr. S. A. Butz*), for the plaintiff in error:

I. The statement of claim is not in compliance with the act of May 25, 1887, P. L. 271.

1. Nothing less than a full statement of the plaintiff's demand, accompanied by a copy of the record, will be a compliance with the act. The statement filed gave none of the particulars of the judgment, and does not aver that it was recovered against the defendant. There is no averment of the nature of the action, or that the court had jurisdiction of the subject-matter or of the person of the defendant. Merely stating that judgment was recovered in a state court is not enough. The declaration must be a full statement of all the essentials

of suit, process, service, return of the writ, and final judgment, and, examined in the light of the rules of pleading this statement is fatally defective: Chitty's Pl., § 244; Com. Dig. Pleader, 2 W. 12, 18; Brady v. Murphy, 19 Ind. 258; Reasor v. Roney, 14 Ind. 441; State v. Pierce, 22 Ind. 116; Hester v. McNeille, 6 Phila. 263; Camp v. Bank of Owego, 10 W. 130; Frederick v. Anderson, 22 W. N. 524; Schaffer v. Brotherhood of Carpenters, 22 W. N. 312.

II. It cannot be said that the defects in the statement are remedied in the subjoined copies of the record.

1. The subjoined record does not show the cause of action, or that a declaration was filed, or that the cause was at issue, or that there was a personal service of process. It shows a default of appearance, a verdict, and that thirteen days after it was rendered, the court entered another finding. These averments of the record add nothing to the statement. The same uncertainty pervades both. From neither can be gathered the cause of action or the nature of the judgment.

2. Moore v. Fields, 42 Pa. 467, and Wetherill v. Stillman, 65 Pa. 105, are consistent with our position. We do not rely upon the defective certificate to overthrow the judgment; we rely on the defective record. Upon the record, there is wanting the necessary averments. A cause of action must be stated so that it can be determined that there was jurisdiction, and service of the defendant must be made to appear affirmatively before any presumption can arise: Roberts v. Orr, 56 Pa. 176; Rowley v. Carron, 117 Pa. 52; Richards v. Bickley, 13 S. & R. 395; Maxwell v. Stewart, 22 Wall. 77; Ritchie v. Hastings, 2 Y. 433; Maher v. Ashmead, 30 Pa. 344; Clay v. Irvine, 4 W. & S. 232; Moyer v. Kirby, 14 S. & R. 162.

*Mr. John Rupp* (with him *Mr. Milton C. Henninger* and *Mr. Arthur G. Dewalt*), for the defendant in error:

1. The act of May 25, 1887, known as the civil procedure act is in fact supplementary to the procedure act of 1806, and in brief demands the following requisites: (1) The statement shall consist of a concise statement of the plaintiff's demand as provided by the fifth section of the act of March 21, 1806, 4 Sm. L. 328. (2) When suit is brought upon notes, con-

tracts and book entries, copies of them must be part of the statement. (3) When suit is founded upon a record of any court within the county, a particular reference thereto must be made in the statement. (4) When suit is brought upon an instrument of writing recorded in the said county, reference to the place of record must be given. It will be noted that none of the requisites demanded have reference to the record of any court which is not within the county. As to such records the act is silent, and the demands of the law with reference to the form of the statement are now what they were under the act of 1806.

2. The fifth section of that act requires that the statement shall be one " particularly specifying the date of the promise, book account, note, bond, penal bill, or all or any of them on which the demand is founded, and the whole amount which he, she or they believe is justly due to him, her or them from the defendant." The statement, therefore, was introduced by act of assembly to stand in the place of a declaration, but it is not restricted to any particular form : Boyd v. Gordon, 6 S. & R. 53; Purviance v. Dryden, 3 S. & R. 401 ; Bailey v. Bailey, 14 S. & R. 195 ; Morgan v. Farmers Bank, 3 P. & W. 391. This rule is not enlarged or restricted by the act of 1887: Gould v. Gage, 118 Pa. 559.

3. For the purposes of the argument it is admitted, that if there had been a trial and this record had been offered as evidence in the cause, it could not have been received because of improper or insufficient authentication or certification. But in cases similar to the one before us, this court has held that where no affidavit of defence has been filed, or when filed, it is deemed insufficient, and judgment is had because of such failure or insufficiency, it can make no difference that the exemplification was not receivable in evidence or that it was not properly authenticated or certified : Moore v. Field, 42 Pa. 467 ; Wetherill v. Stillman, 65 Pa. 105 ; and see Hartman v. Manufacturing Co, 5 W. N. 502. Indeed, this court has gone further than this, and said that until an affidavit of defence is filed, the court is not bound to look at the sufficiency of the statement of the cause of action : Philadelphia Savings Inst. v. Smith, 10 Pa. 13 ; Dewey v. Dupuy, 2 W. & S. 553.

OPINION, MR. JUSTICE GREEN:

The defendant in this case filed no affidavit of defence whatever and is therefore subject to every necessary inference and every material fact sufficiently expressed, or appearing, upon the record. The action is brought under the new procedure act of 1887. The third section of that act provides that the plaintiff's declaration shall consist of a concise statement of the plaintiff's demand, as provided by the fifth section of the act of March 21, 1806. As this is not an action upon a note, contract, book entry, or a record of the county of Lehigh, neither a copy nor a particular reference to such record is required. The fifth section of the act of 1806 provides that the statement shall be one "particularly specifying the date of the promise, book account, note, bond, penal bill, or all or any of them on which the demand is founded, and the whole amount which he, she, or they believe is justly due to him, her, or them from the defendant." It is not disputed and has been several times decided that an action of debt upon a foreign judgment is within the affidavit of defence law, and it is only necessary to consider whether there is enough appearing upon the record of the foreign judgment, and the plaintiff's statement, in this case, to put the defendant upon an affidavit of defence in order to prevent judgment.

The statement avers that the action is founded upon a judgment recovered in the District Court of Benton county, Iowa, on the 26th of March, 1878, for the sum of $5,000 and $15.80 costs. It further alleges a payment of $4,400 on the judgment, and the costs, that the original plaintiff has assigned the judgment to the present equitable plaintiff, and refers to an annexed transcript of the judgment which is made part of the statement. The statement further alleges that there is now due and owing to the plaintiff by the defendant on said judgment the sum of $2,100 with interest at six per cent from the 27th of March, 1883, and that this is the amount he seeks to recover in the present suit together with costs. The transcript of the judgment contains the names of the plaintiff and defendant, the names of the counsel appearing for each, the date of the trial, and verdict, as also the date of the judgment on the verdict and its amount. It cannot be doubted, and requires no discussion to prove, that so far as specification of the cause of

action is concerned, with all its particulars of character and amount of the plaintiff's demand, the statement is entirely sufficient to put the defendant to his affidavit of defence.

It is contended for the defendant that the statement is defective in not setting out that the court in Iowa had jurisdiction of the subject matter, or of the person of the defendant, or the nature of the action. In the case of Wetherill v. Stillman, 65 Pa. 105, we said in reference to a similar objection, on p. 115: "As to the jurisdiction by the court in New York of the cause of action, that is concluded by the legal maxim always applicable to judicial proceedings, 'Omnia præsumuntur rite esse acta.' It must be presumed that the court has exercised jurisdiction legally; a contrary presumption would necessarily imply usurpation on part of the court. To require proof of jurisdiction when the court is a court of general jurisdiction, would be to countenance the idea of the possibility of usurpation on part of the court and would overthrow at once the conservative maxim alluded to. . . . . Neither therefore as to the jurisdiction of the person, nor the subject matter of the action, was the affidavit effectual to raise an inquiry into the judgment." All this was said after an affidavit had been filed raising the question of jurisdiction and denying service of the writ and the authority of the counsel of record to appear for the defendant. But in the present case there is no denial of the cause of action, or of the jurisdiction of the court, either over the subject matter or the person of the defendant. Nor is there any denial by the defendant of his identity with the defendant in the judgment, or of the plaintiff's identity, or of the authority of the counsel of record to appear for him. In these circumstances we could not sustain this objection without presuming against the maxim, and, in the absence of any assertion by the defendant that there was no cause of action, that there was no jurisdiction of the person or of the subject matter, and in effect that there was no valid trial, this of course we cannot do. On the contrary, the maxim requires us to presume, as we do, that there was a cause of action, that the court did have jurisdiction, both of the person and subject matter, and that there was a valid trial.

It is also argued that the judgment was not certified according to the act of congress and therefore no judgment can be

entered for want of an affidavit of defence. But while the insufficiency of the certificate must be conceded, and while this would have constituted a valid objection to its admission in evidence on the trial, it has been well decided by this court that it is unavailing in an affidavit of defence: Moore v. Fields, 42 Pa. 467, and Wetherill v. Stillman, supra. In the latter case THOMPSON, C. J., said: "No doubt a well founded objection of this kind would prevent it being evidence in a trial at law; but that is quite another thing from the purpose it serves as the foundation of the plaintiff's claim under the affidavit of defence law or rule of court." We think the learned court below was right in entering judgment for want of an affidavit of defence, and therefore

The judgment is affirmed.