## TOMPKINS v. CRAIG.[1]

### SAME v. ESHLEMAN.

(Circuit Court, E. D. Pennsylvania. May 23, 1900.)

### Nos. 43, 44.

ACTION ON FOREIGN JUDGMENT—PLEADING—SUFFICIENCY OF COMPLAINT—AFFIDAVIT OF DEFENSE.

A declaration in assumpsit on a foreign judgment, which sets out some of the orders only of the foreign court, instead of a copy of the full record, is not sufficient to entitle plaintiff to judgment in default of an affidavit of defense.

Charles Chauncey, Andrew T. Jenkins, Swan, Lawrence & Swan, and John S. Goodwin, for plaintiffs.

Theodore F. Jenkins, for defendants.

McPHERSON, District Judge. A plaintiff's right to take judgment for want of an affidavit of defense, or for want of a sufficient affidavit of defense, in an action of assumpsit in this court, must rest upon the Pennsylvania practice in this district, as determined by statute and by the rulings of the state courts. That such an affidavit must ordinarily be made in an action of assumpsit upon a foreign judgment or decree has been settled by several decisions,—inter alia, by Moore v. Fields, 42 Pa. St. 467, and Mink v. Shaffer, 124 Pa. St. 280, 16 Atl. 805,—but with this important restriction: The plaintiff's statement must be accompanied by a complete copy of the foreign record. Extracts will not be accepted as a substitute, even although they may seem to contain all that is pertinent to the matter immediately in issue. The reason is obvious. Unless the whole record is displayed, the court cannot exercise its own judgment concerning

[1] For opinion on rehearing, see 102 Fed. 668.

the existence of the right of action, but is obliged to accept the plaintiff's choice as determining finally this essential question. The point has been twice decided within a few years by the supreme court of Pennsylvania. Campbell v. Railway Co., 137 Pa. St. 574, 20 Atl. 949; Finch v. White, 190 Pa. St. 86, 42 Atl. 457. Following these decisions, it must be held that as the present plaintiff has confessedly filed with his statement a copy of some orders only of the Iowa court, and has not appended a copy of the full record, the motions under consideration should be denied. To avoid misapprehension, I may add that I assume, without deciding, that the Pennsylvania practice requires an affidavit of defense in cases where the additional statutory liability of a shareholder defendant is concerned, and where the foreign record does not show a personal service of process on the party sought to be charged in this jurisdiction, but shows only a service upon the corporation in which such party was the owner of shares of stock.

In each of the foregoing cases the rule for judgment is discharged.