CRUZ et al. v. O'BOYLE.

(District Court, M. D. Pennsylvania. June 19, 1912.)

No. 293.

**1.** EXECUTION (§ 6*)—FOREIGN JUDGMENT—ENFORCEMENT.

In the United States, a foreign judgment cannot be enforced by execution, but only through the medium of a new judgment obtained in an action brought for that purpose.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 5, 6; Dec. Dig. § 6.*]

**2.** COURTS (§§ 342, 347*)—FEDERAL COURTS—ADOPTION OF LOCAL PRACTICE—ACTION ON FOREIGN JUDGMENT.

In an action on a foreign judgment in a federal court, the form of action and the pleadings are governed by the practice of the state within which the court takes jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 912, 913, 921; Dec. Dig. §§ 342, 347.*

Conformity of practice in common-law actions to that of state court. See note to O'Connell v. Reed, 5 C. C. A. 594; Nederland Life Ins. Co. v. Hall, 27 C. C. A. 392.]

**3.** JUDGMENT (§ 938*)—FOREIGN JUDGMENT—ACTION—PLEADING.

In a suit in Pennsylvania on a foreign judgment, the judgment is pleaded by setting out in plaintiff's statement a full and complete copy or exemplification of the record claimed as the basis of the action.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1772–1774; Dec. Dig. § 938.*]

**4.** EVIDENCE (§ 345*)—FOREIGN JUDGMENT—CERTIFICATION.

A judgment sued on having been recovered against defendant in the Second Civil and State Court of Jalisco in Mexico, a copy of the record was attached to plaintiffs' statement, and was certified as a complete record of the proceedings in the case in the courts of Mexico, including the Civil and State Court of Guadalajara and the Supreme Tribunal of Justice of the state of Jalisco, which copy had affixed thereto the seal of the Civil and State Court of Guadalajara, the certificate of the secretary or clerk of the court that the record was a true and correct copy, and the certification and attestation by a judge of the Civil and State Court of Guadalajara to the authenticity of the signature of the clerk, and that such clerk was the person having custody of the records, the judge's signature in turn being certified to by the Governor and Secretary of State of Jalisco, and those persons' signatures were attested and certified by the American consul at Guadalajara under his hand and seal. *Held* a substantial compliance with the requirements for the authentication of the record so as to warrant faith and confidence in its genuineness.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1302–1314, 1331–1360; Dec. Dig. § 345.*]

**5.** JUDGMENT (§ 831*)—FOREIGN JUDGMENT—DEFECTIVE SERVICE.

Where a Mexican judgment sued on against a citizen of Pennsylvania was duly authenticated, and recited defendant's appearance by attorney, who made defense and presented a counterclaim relating to the same subject-matter, and prayed judgment for defendant for a large sum, and that he litigated the case to final judgment by ultimate appeal to the court of last resort, the fact that the original service was insufficient to confer jurisdiction was immaterial.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1519–1522; Dec. Dig. § 831.*]

**6. JUDGMENT (§ 831\*)—FOREIGN JUDGMENT—ENFORCEMENT—RECIPROCITY.**

Mexico having adopted the system of reciprocity in the enforcement of judgments with foreign countries by Code 1884 (Constant, 168; Clunet 1891, p. 270), a judgment rendered on regular proceedings by the courts of Mexico against a citizen of the United States will be given full faith and credit in an action thereon in the United States, and will be enforced without another trial on the merits, unless it appears that the citizen suffered prejudice in the court or in the system of laws applied, fraud in procuring the judgment, or some other special reason why comity should not be allowed full effect.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1519–1522; Dec. Dig. § 831.\*]

At Law. Action by Monica Cruz and others against Michael William O'Boyle on a Mexican judgment. On motion for judgment for want of a sufficient affidavit of defense. Granted.

Conlen, Brinton & Acker, of Philadelphia, Pa., and John T. Lenahan, of Wilkes-Barre, Pa., for plaintiffs.

F. W. Wheaton and James L. Morris, both of Wilkes-Barre, Pa., for defendant.

WITMER, District Judge. This action has been brought upon a judgment for $19,701.15 recovered by the plaintiffs against the defendant on January 20, 1910, in the Supreme Tribunal of Justice of the state of Jalisco on appeal from the Second Civil and State Court of said state, in the republic of Mexico. The judgment was obtained for breach of a certain contract entered into between defendant and plaintiffs' predecessors in right, "for the rental and use of certain waters and water powers, of the river Ameca, in the state of Jalisco, republic of Mexico," dated November 17, 1897. It appears that after the defendant was in the enjoyment of his rights and having paid the rental stipulated, $4,000 annually, up to July 1, 1902, he declined to make further payment on the ground that the public authorities had refused to allow him to exercise the right of widening and enlarging a certain canal leading from said river which he believed had been guaranteed to him by his contract. The defendant afterwards, on March 6, 1903, by and through his attorney Luis Perez Verdia, to whom we shall refer hereafter, instituted suit, before the first judge of the Civil and State Court of Jalisco for nullification of the contract. In this he failed in the first instance, and after appealing to the various appellate tribunals. The contract having been declared subsisting, this suit was instituted against the defendant the year following the close of the former litigation, on May 1, 1908, resulting in the judgment forming the basis of the action here instituted. The plaintiffs' statement after setting forth the status of the parties proceeds to set forth his claim or cause of action by reciting the action instituted by the plaintiffs against the defendant in the Second Civil and State Court of Guadalajara, state of Jalisco, republic of Mexico, a court of general jurisdiction and with power to hear and determine the suit in question for breach by defendant of the contract mentioned, and for payment of rents, damages, and costs resulting therefrom,

alleging that such having jurisdiction of the subject-matter also had jurisdiction of the parties, having "served the defendant personally in Pittston, Pa., with the summons of said suit, which said service was lawful and valid by the law of the state of Jalisco and the republic of Mexico, * * * and thereupon one Luis Perez Verdia, the duly authorized agent and attorney in law and in fact of the defendant, who was specially authorized by the defendant to act on his behalf in said cause, as appears by the power of attorney given by the said defendant to Luis Perez Verdia attached, * * * entered a general appearance for the defendant and on the defendant's behalf made answer and counterclaim"; that the "suit was in due course called for trial, and plaintiffs and defendant severally appeared, and offered evidence, which was duly heard by said court, and thereupon and thereafter, to wit, on the 14th day of May, 1909, the court aforesaid rendered judgment for the plaintiffs and against the defendant Michael William O'Boyle, under and by virtue of which judgment it was ordered and decreed that the contract entered into between the defendant and plaintiffs to said action be rescinded, and that plaintiffs therein be absolved from defendant's counterclaims referred to, and that defendant pay to the plaintiffs as damages for breach of contract aforesaid and as costs in said action the sum of 38,052.31 pesos"; that both parties took appeal to the Supreme Tribunal of Justice of the state of Jalisco, an appellate court of general jurisdiction and having jurisdiction of said case, whereupon said court on January 20, 1910, affirmed the court below, decreeing that the defendant pay the plaintiffs 39,402.31 pesos, or $19,701.15. Plaintiffs, furthermore, aver that said judgment entered by the said Supreme Tribunal of Justice is, by the laws of Mexico, a final and conclusive judgment from which no appeal can be taken, binding on the parties to the suit, that it has never been paid or satisfied, and that it is now in full force and effect.

The statement further recites that:

"A copy of the complete record of the proceedings in the courts of Mexico, including the final judgment and decree of the Supreme Tribunal of Justice of the state of Jalisco, which said copy has affixed thereto the seal of the state of Jalisco, the seal of the Civil and State Court of Guadalajara, and the certificate of the secretary or clerk of the said court that the record is a true and correct copy, and the certification and attestation by a judge of the Civil and State Court of Guadalajara to the authenticity of the signature of the said secretary or clerk of the Civil and State Court of Guadalajara, and that the said secretary or clerk is the person having custody of the records of said court, and this signature, in turn, is certified to by the signatures of the Governor and Secretary of the State of Jalisco and the signature of these last-named persons certified to and attested by the American Consul at Guadalajara under his hand and seal, is attached," and made a part of the statement.

Wherefore plaintiffs claim $19,701.15, with interest at 6 per cent. per annum, the legal rate of Mexico, from January 20, 1910.

The defendant in his affidavit of defense relies upon the following to prevent judgment for the plaintiffs:

First. That the record attached to the plaintiffs' statement is not an exemplification or copy of the complete record of the proceedings

of court rendering the judgment, on which suit is based, duly and properly authenticated and certified as required by law.

Second. That the Second Civil and State Court of Guadalajara, state of Jalisco, had not acquired jurisdiction of the person of the defendant by virtue of the service of process of said court upon the defendant at Pittston, Pa., and that the power of attorney from the defendant to Luis Perez Verdia "recited did not make and constitute him defendant's agent and attorney to appear for the defendant in said proceedings and to make defense thereon to the claim prosecuted, for the reason that the said power of attorney was not in compliance with the laws of the republic of Mexico, and the said Luis Perez Verdia was not thereby authorized to appear in the said proceedings in behalf of the said defendant and to make defense thereto."

Third. That it is contrary to comity and natural justice that the judgment of the courts of the state of Jalisco, republic of Mexico, should be enforced in the courts of the United States without an examination of the merits thereof. That "no comity is displayed towards the judgments of tribunals of foreign countries against the citizens of Mexico when sued upon in said courts of Mexico, and the merits of the controversy upon which said judgments are based are examined anew, unless a treaty to the contrary exists between the said republic of Mexico and the country in which said judgment was obtained. That no treaty exists between the said republic of Mexico and the United States by the terms and effect of which judgments in either country are prevented from being examined anew upon the merits when sued upon in the courts of the country other than that in which it was obtained. That the courts of the republic of Mexico give no force and effect within the jurisdiction of the courts of said country to the duly rendered judgments of the courts of competent jurisdiction of the United States against citizens of Mexico after proper personal service of process of said court is made thereon in this country."

Fourth. That upon the merits of the action for breach of contract, tried out in said court, rendering the judgment in suit, the plaintiffs are not entitled, on re-examination, to recover.

The plaintiffs having excepted to the sufficiency of the defendant's affidavit of defense, praying for judgment, the court will examine, in order, the proffered defense.

[1] Judgments are executory while unpaid, but in this country execution is not given upon a foreign judgment as such; it being enforced through a new judgment obtained in an action brought for that purpose.

[2] The form of the action and the pleadings are matters in which this court will be governed by the practice of the state within which the court takes jurisdiction.

[3] In Pennsylvania a foreign judgment shall be pleaded by setting forth in the plaintiff's statement a full and complete copy or exemplification of the record that is claimed as the basis of the action. Finch v. White, 190 Pa. 86, 42 Atl. 457. Plaintiffs have attached to their statement a translation of the original record (which original has been placed on file), and it is agreed by defendant's counsel that such orig-

inal record may be considered as also attached in determining the sufficiency thereof. Black on Judgments, § 849, says that:

"In order that a foreign judgment should be admissible in evidence, it is necessary that the exemplification of it, which is produced, should be duly authenticated. And this authentication should consist of the seal of the court, if it has one, the certificate of the officer in whose custody the record remains, the attestation of the principal judge of the court to the official character of the person certifying, and the whole certified by the certificate of the executive department of the state or country and the impress of its great seal."

[4] It will be remembered that the record is not offered as in evidence, but as the basis of the action here instituted. However upon inspection of the translation and the original certified records, it appears that the same is certified as a complete record of the proceedings in said case in the courts of Mexico, including the Civil and State Courts of Guadalajara and the Supreme Tribunal of Justice of the state of Jalisco, which said copy has affixed thereto the seal of the Civil and State Court of Guadalajara, and the certificate of the secretary or clerk of the said court that the record is a true and correct copy, and the certification and attestation by a judge of the Civil and State Court of Guadalajara to the authenticity of the signature of the said secretary or clerk of the Civil and State Court of Guadalajara, and that the said secretary or clerk is the person having custody of the records of said court, and this signature, in turn, is certified to by the Governor and Secretary of State of the state of Jalisco, and these last-named persons certified to and attested by the American Consul at Guadalajara under his hand and seal. This is such a substantial compliance with the requirements of authenticating the record upon which suit is based so as to warrant faith and confidence in its genuineness. The record itself having, furthermore, not been questioned or denied, the copy, or exemplification, attached to the statement, is sufficient to comply with the practice here in vogue.

[5] Second. Service of the process of the Civil and State Court of Guadalajara is immaterial if defendant afterwards appeared by counsel and participated in the proceedings instituted as set forth in the plaintiffs' statement. No denial is made of plaintiffs' allegation that Luis Perez Verdia appeared on behalf of the defendant, and by his authority entered a general appearance for him. The record attached to the statement and made part thereof shows that the defendant's attorney did appear and participate in the proceeding, defending against the claim of the plaintiff; and, furthermore, presented defendant's counterclaim, relating to the same subject-matter, craving judgment in his behalf for a large sum of money, litigating the case to final judgment by ultimate appeal to the court of last resort. Defendant says that he ought not to be bound by the action of the attorney because his authority in writing to him for the purpose was not in form as required by law. The affidavit does not deny that Verdia was, as alleged, "the duly authorized agent and attorney in fact of the defendant." The allegation in respect to the power of attorney is evasive and beside the point, in the absence of the denial

of the principal fact of attorneyship, for if Verdia was defendant's "duly authorized agent and attorney in law and in fact," surely defendant cannot complain now that the court recognized him as such even upon a defective paper in writing. As was said in Ritchie v. McMullen, 159 U. S. 241, 16 Sup. Ct. 173, 40 L. Ed. 133:

"As it does not allege that the attorneys were not authorized to enter the defendant's appearance in that action, they must be taken to have been authorized by him to do so."

Can the defendant be heard to complain having voluntarily taken chances of a decision in his favor? Had he succeeded in recovering judgment on his cross-suit, or counterclaim, surely his adversaries in Mexico could not try their fortunes anew by reason of such defect; and that plaintiff should have superior rights being a foreigner does not appear reasonable.

[6] Third. Should this judgment be enforced without an examination into its merits? "In a great majority of the countries on the continent of Europe, in Belgium, Holland, Denmark, Sweden, Germany, and in many cantons of Switzerland, in Russia and Poland, in Roumania, in Austria, and Hungary (perhaps in Italy), and Spain, as well as in Egypt, in Mexico, and in a great part of South America, the judgment rendered in a foreign country is allowed the same effect only as the courts of that country allow to the judgments of the country in which the judgment in question is sought to be executed." Hilton v. Guyot, 159 U. S. 226, 16 Sup. Ct. 167, 40 L. Ed. 95. From this it appears as was further said by Mr. Justice Gray in delivering the opinion of the court:

"In Mexico the system of reciprocity has been adopted, by the Code of 1884, as the governing principle. Constant, 168; Clunet, 1891, p. 270."

The regulation and restrictions under which judgments will be carried into execution by reciprocal arrangement on the part of the United States in recognition of general comity, and the utility and convenience of her citizens, has also been settled in the exhaustive opinion quoted, reviewing the authorities extant, as follows:

"In view of all the authorities upon the subject, and of the trend of judicial opinion in this country and in England, following the lead of Kent and Story, we are satisfied that where there has been opportunity for a full and fair trial abroad before a court of competent jurisdiction, conducting the trial, upon regular proceedings, after due citation or voluntary appearance of the defendant, and under a system of jurisprudence likely to secure an impartial administration of justice between the citizens of its own country and those of other countries, and there is nothing to show either prejudice in the court, or in the system of laws under which it was sitting, or fraud in procuring the judgment, or any other special reason why comity of this nation should not allow it full effect, the merits of the case should not, in an action brought in this country upon the judgment, be tried afresh, as on a new trial or an appeal, upon the mere assertion of the party that the judgment was erroneous in law and fact."

Taking this as the principle, it seems to follow that, unless the affidavit of defense denies the existence of the obligation or excuses the defendant from the performance of it for any one or more of the reasons suggested, a retrial will not be permitted.

The court beyond doubt had jurisdiction of the subject-matter involved, having acquired also jurisdiction of the defendant by his own voluntary act, if not otherwise, and, there being no fraud alleged in respect of which judgment, except in particulars contested in and considered by the Mexican courts, the defense interposed is regarded as insufficient, and judgment will be directed for want of a sufficient affidavit. The clerk is directed to enter judgment for the plaintiffs and against the defendant for the sum of $19,701.15 with interest at 6 per cent. per annum from January 20, 1910, to which an exception is noted for the defendant.