## Hogg *versus* Charlton.

Independent of special legislation, the District Court has power to adopt a rule requiring affidavits of defence.

When a record is admitted to be filed, and the paper-book gives no exemplification of it, this Court will presume it to be filed according to the rule of court.

It is not necessary to file a copy of the note on which a foreign judgment was founded; the note was extinguished by the judgment. The case of McCleary *v.* Faber does not require that a copy of the original cause of action shall be filed, after it has been extinguished by a judgment.

The plaintiff has a right to pursue his remedy in New York and here at the same time, until he obtains satisfaction.

In taking defence to an action of debt on a foreign judgment, defendant is bound, when required by the rule of court, to file a sufficient affidavit of defence.

ERROR to the District Court of *Allegheny county.*

The questions in this case were, whether the plaintiff below was entitled to judgment in an action of debt, brought upon a foreign judgment, where the defendant had failed to file a sufficient affidavit of defence, and where another suit was pending for the same cause of action in the state of New York.

The plaintiff below filed a transcript of a record from the Supreme Court of the state of New York, in which he had obtained judgment against the defendant and others for $2459.96. The defendant alone was summoned, and the summons returned N. E. I. as to the others. The defendant filed an affidavit of defence, and also a supplemental affidavit, which the District Court held insufficient, and gave judgment for the plaintiff for the amount of the claim and interest.

The defendant below took a writ of error, and assigned the following errors:—

1. The plaintiff is not entitled to judgment for want of an affidavit of defence in an action of debt, on a judgment in another state, upon filing a copy of the record.

2. The copy of the record filed contains no copy of the note, or instrument of writing, and book entries, or statement or specification of the claim on which the action was brought in the state of New York.

3. The plaintiff did not file with his *præcipe* for the summons, in the office of the prothonotary, a copy of the instrument of writing and book entries, or a statement or specification of the claim, as required by the rule of Court to entitle him to judgment for want of an affidavit of defence.

4. There is another suit pending for the same cause of action in the state of New York, that was commenced prior to this action.

[Hogg v. Charlton.]

*Hepburn* and *Sweitzer*, for plaintiff in error.—The action brought in the state of New York was to recover the value of goods sold and delivered, and the amount of a promissory note afterwards given in payment thereof.  The record shows no specification of the goods or copy of the note.  In McLeary v. Faber, 6 *Barr* 476, it is held, that the instrument on which the foreign judgment is founded, when itself within the Act, *a copy of which was then filed*, was within the Act allowing judgment to be entered for want of an affidavit of defence, but not otherwise: see Reed v. Reed, *Troubat & Haley* 335, in the District Court of Philadelphia, where it is held that the plaintiff is not entitled to judgment on filing a record without such affidavit.  But when the record filed shows *a copy* of such instrument as the foundation of the judgment, which, if filed alone, would entitle plaintiff to judgment without such affidavit, then judgment will be given, if such affidavit be not made: so also Walker v. Delaware Insurance Company, Lynch v. Boyers, and Carter v. Winner, 1 *T. & H. by Wh.* 334-6.  The record in this case was therefore not within the Act.

The rule of the District Court requires a copy of the instrument, book entries, record, or claim, &c., on which action has been brought, to be filed with the *præcipe* for the writ.  No such copy was filed in this case.  It must appear from the record that the instrument on which the judgment was founded comes within the Act.  The supplemental affidavit shows that after judgment the plaintiff brought suit in New York to reach a specific fund, applicable, as he says, to the payment of his debt; and the Court restrained the receiver from disposing of it till that issue is determined.  This subsequent proceeding locks up money and effects of the defendant many times the amount of the judgment; and the plaintiff, having elected to seek satisfaction by this subsequent proceeding, cannot bring another action here; a plaintiff, suing in equity, and in a foreign court of law, shall be put to his election: *Bac. Abr.* 318; Peiters v. Thompson, 1 *Cooper* 294; 1 *Vesey & B.* 331; 3 *Vesey & B.* 9; 19 *Ves.* 277.  Plaintiff having determined his election, he shall not bring another action of a different stamp before discontinuance: Pitt's Appeal, 5 *Barr* 500; Harker v. Whittaker, 5 *Watts* 476; Share v. Anderson, 7 *Ser. & R.* 63.  Can I sue a bond in several places?  Is not *lis pendens* a good defence?  1 *Cooper* 294.

*Shannon*, for defendant in error, cited 6 *Barr* 477; Winner v. Carter, *Wh. Dig., Practice*, § 20.  Judgment may be taken in an action of debt on a foreign judgment for want of an affidavit of defence.

The opinion of the Court was delivered by
LEWIS, C. J.—The rule of Court authorizes a judgment for

[Hogg *v.* Charlton.]

want of an affidavit of defence in "all actions of *debt*, or *scire facias*," "on *judgment*, or other record." The present is an action of debt on a judgment recovered in New York, and is within the rule. Independent of any special legislation on the subject, the District Court had the power to adopt the rule in question. It requires an affidavit of the plaintiff stating the amount verily he believed to be due from the defendant, and a copy of the "record" "on which the action has been brought," to be filed with the *præcipe*. It is admitted, in the statement of the case, presented by the plaintiff in error, that an exemplification of the record of the judgment obtained in New York was filed, and as neither a copy of it, nor a copy of the docket entries in this cause is given in the paper-book, the presumption is that the affidavit and the copy of the record were filed according to the rule of Court. It was not necessary to file a copy of the *note* on which the judgment was obtained in New York. The note was extinguished by the judgment. The present action is brought upon the judgment, not upon the note. Filing a copy of the latter would not be a compliance with the rule.

The remarks of the judge in delivering the opinion in McCleary *v.* Faber, 6 *Barr* 476, must not be understood as requiring a copy of the original cause of action to be filed, after it has been extinguished by a judgment, and when the action is brought upon the judgment.

The supplemental affidavit of the defendant discloses no defence. The plaintiff has a right to seek satisfaction out of the funds in the hands of the receiver in New York, and to pursue his remedy against the defendant in this state at the same time. The bill in equity to obtain an application of so much of the funds in New York as shall be sufficient to satisfy the plaintiff's judgment, is not a bar to proceedings at law in this state. He may pursue both remedies until he obtain satisfaction from one of them. He is not chargeable with attaching the funds. He had no agency in placing them in the hands of the receiver. That was the act of the defendant himself.

This view of the case renders it unnecessary to consider the rule affirming the judgment for defects in the paper-book.

Judgment affirmed.