## Anna E. Finch by her next friend, Washington Finch, Appellant, v. James S. White.

*Practice, C. P.—Action upon foreign judgment—Statement of claim.*

In an action upon a foreign judgment, a statement of claim is insufficient which is not accompanied by a full copy of the record of the judgment, including copies of notes, contracts, etc., upon which the judgment is based; but where the statement is defective in not setting out a full copy of the record of the judgment, the plaintiff should be allowed a reasonable time to amend it, by adding thereto the omitted portions of the record, before final judgment is entered against him.

Argued Feb. 6, 1899. Appeal, No. 337, Jan. T., 1899, by plaintiff, from judgment of C. P. Chester Co., Aug. T., 1896, No. 45, on demurrer to statement. Before STERRETT, C. J., GREEN, McCOLLUM, DEAN and FELL, JJ. Affirmed with modification.

Assumpsit upon a foreign judgment.

The record showed that the suit was upon a judgment con-

fessed in the circuit court of the first judicial district of the state of Maryland. The record accompanying the statement contained merely the docket entries, showing the entry of the original judgment and two revivals thereof. To the record was attached the following certificate:

" I hereby certify that the foregoing are true short copies of the original judgment rendered in the circuit court for Dorchester county, in the state of Maryland, and the subsequent renewals thereof by writs of scire facias and judgments thereon at the above entitled terms, and also of the subsequent docket entries in said case, and that there is no entry or proceedings in said court to show that the said judgment or any part thereof hath been paid or satisfied.

" In testimony whereof I hereunto subscribe my name and affix the seal of the circuit court for Dorchester county this 6th day of June, A. D. 1896.

    [Seal]               " CHARLES LAKE,
       " Clerk, Circuit Court for Dorchester Co."

Defendant demurred to the statement because " the plaintiff's statement does not set out a. full and complete exemplification of the record of the circuit court for the first judicial district of the state of Maryland, for Dorchester county, which is claimed to be the basis of the plaintiff's cause of action. The procedure act of 1887, requires the statement to be accompanied by copies of notes, contracts, etc., and which said act has not been complied with by the plaintiff in his statement filed in this cause of action, and is therefore defective in this particular and also that the said statement is in other respects uncertain, informal and insufficient."

The court sustained the demurrer and entered judgment in favor of the defendant.

*Error assigned* was in sustaining the demurrer.

*Charles H. Pennypacker*, for appellant.—This record certainly meets the requirement enunciated by Justice MITCHELL in the case of Smith, Kline & French Co. v. Smith, 166 Pa. 563.

The case of Mink v. Shaffer, 124 Pa. 280, certainly sustains appellant's view of this case. The defendant has had his day

in court, the record shows two appearances and is therefore conclusive against him: Moore v. Fields, 42 Pa. 467; Wetherill v. Stillman, 65 Pa. 105; Potter v. Hartnett, 148 Pa. 15.

*Alfred P. Reid*, with him *C. W. Talbot*, for appellee.—The exemplification of record accompanying the statement filed in this case is certified "to be true short copies" of the original judgment in Maryland, and the "subsequent renewals thereof" and of the "docket entries." The "short copies," as appears by an inspection of the record certified, are nothing but the docket entries of the proceedings in the foreign court, in proceedings on a judgment over twenty years old. No distinction can be drawn between the record of a judgment confessed, and of any other proceeding in court. The judicial construction placed upon the act of 1887, above quoted, requires a full record to accompany the statement in every case where such record is the basis of the action.

PER CURIAM, February 20, 1899:

While we are all of opinion that the court below rightly held, on the authority of Campbell v. Railway Co., 137 Pa. 574, that plaintiff's statement is defective and insufficient, in that it is not accompanied by a full copy of the record of the Maryland judgment on which this action is founded; we think that, in the circumstances, reasonable time should have been given the plaintiff,—before final judgment was entered against her,—in which to amend her statement by appending thereto a full and complete exemplification of the record of the judgment that is claimed to be the. basis of this action. That can still be accomplished by so modifying the judgment as to make it provisional instead of absolute and final.

It is accordingly ordered that the plaintiff have leave to amend her statement by adding thereto, within thirty days, a full and complete exemplification of the record of said judgment, and in default of her so doing, within the time specified, final judgment against her and in favor of the defendant shall be forthwith entered.