(No. 14178.—Judgment reversed.)

DENNIS C. O'SHEA, Appellee, *vs.* JAMES J. FARRELLY, Appellant.

*Opinion filed February 22, 1922.*

1. ACTIONS AND DEFENSES—*an action in debt for statutory penalty is not based on a contract.* A right of action to recover a penalty inflicted by statute cannot be considered as based either on an express or an implied contract.

2. SAME—*action to recover statutory penalty is not a first-class action under Municipal Court act.* An action to recover the statutory penalty allowed a stockholder who has been denied permission to examine the books of a corporation under section 38 of the Corporation act is not a first-class action under section 2 of the Municipal Court act, either as being based on a contract or as being an action to recover personal property or damages for injury thereto.

3. CORPORATIONS—*amount recoverable for denial of permission to examine corporate books is in nature of a penalty.* The denial of a stockholder's right to examine books of a corporation is not a damage to personal property of any kind but is a mere denial

of a legal right given by the statute, and the amount of recovery allowed under section 38 of the Corporation act is not a recovery for damages but is in the nature of a penalty to deter subsequent violations of the same right.

4. Jurisdiction—*objection that municipal court had no juris-diction of subject matter may be raised at any time.* An objection that the municipal court had no jurisdiction of the subject matter can be taken advantage of at any time, whether raised in the lower court or not, and the Supreme Court will of its own motion dispose of a case on that ground without any objection whatever being raised, if the point is discovered before final judgment.

Appeal from the Municipal Court of Chicago; the Hon. William N. Gemmill, Judge, presiding.

Gardner, Foote, Burns & Morrow, (Wm. A. Morrow, and Walter M. Fowler, of counsel,) for appellant.

Ben M. Smith, and P. J. O'Keeffe, for appellee.

Mr. Justice Duncan delivered the opinion of the court:

Appellee, Dennis C. O'Shea, recovered a judgment for $2800 against James J. Farrelly, appellant, in the municipal court of Chicago, in an action of debt, as a first-class claim. The appeal is prosecuted directly to this court on the ground that the constitutionality of a statute is involved.

The action in this case is based on section 38 of the general Corporation act. (Laws of 1919, p. 325.) That section reads as follows: "Each stockholder of a corporation shall have the right, at all reasonable times, by himself or by his attorney, to examine the records and books of account. Any officer or director who denies such access shall be liable to the stockholder denied in a penalty of ten percentum of the value of stock owned by such stockholder, in addition to any other compensation or remedy afforded him by law, if any, which shall be recoverable in any court of competent jurisdiction. It shall be a defense of any action for penalties under this section that the person suing therefor has within two years sold or offered for sale any

list of stockholders of such corporation or of any other corporation or has aided or abetted any person in procuring any stock list for any such purpose. Nothing herein shall impair the power of the courts to compel by *mandamus* or judgment production for examination by any stockholder of the stock books of any corporation."

Among the errors relied on for reversal are the following: (1) That section 38 of the general Corporation act is unconstitutional, as being in violation of sections 1, 2 and 11 of article 2 of the constitution of Illinois and of section 1 of the fourteenth amendment of the constitution of the United States; (2) that the municipal court of Chicago was without jurisdiction to hear and determine this cause.

The right of action in this case is clearly for a statutory penalty for which no recovery may be had except by appellee, whose statutory rights are alleged to have been violated by appellant. It is brought as an action of the first class and was so designated by appellee in his pleadings and in his process. The substance of his statement of claim or declaration is, that the Shaker Knitting Mills Company is a corporation organized under the laws of Illinois, with its principal place of business in the city of Chicago; that on November 5, 1919, he was a stockholder and director of said company and the owner of eighty shares of its capital stock, of the value of $28,000; that appellant was a stockholder, director and president of the company, and was then and there in control and management of it and of its records; that he requested appellant to permit him to examine the records and books of account of the corporation on said date at its principal place of business, and that appellant refused and would not permit him to examine such records and books of account, or any of them, to his damage in the sum of $2800.

The second section of the Municipal Court act designates six classes of cases that may be brought in said court. First-class cases "include (a) all actions on contracts, ex-

press or implied, when the amount claimed by the plaintiff, exclusive of costs, exceeds $1000; (b) all actions for the recovery of personal property when the value of the property sought to be recovered as claimed by the plaintiff exceeds $1000; and (c) all actions for the recovery of damages for the conversion of personal property, and actions for the recovery of damages for injuries to personal property, when the amount of damages sought to be recovered, as claimed by the plaintiff, exclusive of costs, exceeds $1000."

The appellee's claim in this case is that his suit falls under the head of first-class actions, and there is no claim that it can be maintained under any one of the other five classes of actions designated in said section. A right of action in debt for a penalty inflicted by statute cannot in any sense be considered either an express or implied contract. (*Bowers* v. *Green,* 1 Scam. 42; *Diversey* v. *Smith,* 103 Ill. 378; *People* v. *Dummer,* 274 id. 637.) It is therefore very clear that this suit does not fall within the class of actions designated as first-class cases by division (a) of said section 2.

It is suggested by appellee that a share of stock is personal property, and that the violation of the statutory duty to permit him to examine the books was a damage to his personal property, and that jurisdiction of this case should be sustained on the ground that it is a suit for damage to personal property. The argument seems to be that this action falls within those designated as first-class in division (c) of section 2. We are unable to see how we could possibly view this action as an action for the recovery of damages for injuries to personal property. The phrase, "damages for injuries to personal property" has a very definite and well settled meaning as used in our law, and it means just what it says. To recover such damages there must be an actual injury to personal property of some kind. The denial of the right to examine books of a corporation

is not a damage to personal property of any kind. It is the mere denial of a legal right given by the statute, and the amount of recovery allowed under this statute is not a recovery for any damage that appellee is supposed to have sustained in the denial of his right, but is in the nature of a penalty to deter subsequent violations of the same right. The statute itself expressly states that the recovery is in addition to any other compensation or remedy afforded by law, if any, which indicates clearly that the recovery is a penalty and not merely a recovery for the damages appellee is supposed to have sustained by the denial of his statutory rights.

It is equally clear that this is not an action for the recovery of personal property, such as is designated in division (*b*) of section 2, and there is no contention that this action falls within that designation. This action, therefore, cannot be held to belong to any of the actions designated as first-class actions by section 2 of the Municipal Court act. The municipal court, therefore, did not have jurisdiction of the class of cases to which the case before us belongs, and did not have jurisdiction of the subject matter of this suit. This question was raised by the motion for a new trial filed by appellant in the lower court, as well as the constitutional and other questions; but, as is well suggested by appellant, the objection that the lower court had no jurisdiction of the subject matter is one that can be taken advantage of at any time, whether raised in the lower court or not. This court might of its own motion dispose of the case on that ground without any objection whatever being raised, and would do so if discovered before the entry of final judgment in the case.

As the judgment will have to be reversed for want of jurisdiction of the subject matter of the suit by the lower court it will not be necessary to consider the other errors that have been assigned.

The judgment of the municipal court is reversed.

*Judgment reversed.*