(No. 14591.—Judgment reversed.)

JOHN MALINA, Defendant in Error, *vs.* EDWARD OPLATKA *et al.* Plaintiffs in Error.

*Opinion filed October 21, 1922.*

1. JURISDICTION—*the municipal court has no jurisdiction of tort action for damages to real estate in excess of $1000.* There is no express or implied power given to the municipal court of Chicago to try actions in tort for damages to real estate where the damages claimed exceed $1000, and if the case is tried and the judgment entered on the theory that the matters involved were *ex delicto,* the fact that the action might have been in contract does not give the court jurisdiction of the tort action.

2. SAME—*jurisdiction of subject matter cannot be conferred by waiver or agreement—pleading.* While the form of an action is to be determined by the pleadings, jurisdiction of the subject matter cannot be conferred upon a court by agreement or action of the parties, and where the court has no jurisdiction of a tort action, jurisdiction is not conferred by the defendant's affidavit of merits waiving the objection to jurisdiction and answering as though defending an action on contract.

3. ACTIONS AND DEFENSES—*reference to contract in statement of claim does not change tort action to one ex contractu.* In a tort action for damages to real estate because of the defendant's failure adequately to support a party wall while making an excavation, mere reference in the statement of claim to the party wall agreement does not change the form of action from an action *ex delicto* to one *ex contractu.*

WRIT OF ERROR to the Second Branch Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. GEORGE J. COWING, Judge, presiding.

WINSTON & LOWY, (LAMBERT & MAYER, of counsel,) for plaintiffs in error.

ROBERT W. DUNN, for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

The defendant in error recovered a judgment against the plaintiffs in error in the municipal court of Chicago for the sum of $2500. This judgment was affirmed by the Appellate Court for the First District. The cause is now before this court for review.

The principal and controlling question is whether or not the municipal court had jurisdiction of the subject matter of the suit. The *præcipe* filed by the plaintiff in the municipal court directed the clerk of that court to issue a summons in a plea of trespass on the case. The summons issued required the defendants to answer in a plea of trespass on the case. The statement of claim by the plaintiff in the municipal court was for the sum of $5006. The affidavit of claim set out, in substance, that on February 21, 1887, Bernard Boddecker was the owner of the property at 1541 West Chicago avenue and one Degenhardt and wife owned the property at 1539 West Chicago avenue. Plaintiff purchased the Boddecker property and defendants the Degenhardt property. A party-wall agreement was entered into between Degenhardt and Boddecker on February 21, 1887, reciting that it was agreed that Degenhardt should build the wall, one-half to stand on each lot. Boddecker, his heirs and assigns, were by the agreement given the right of joining to the wall either above or below the surface of the ground and along the whole length or any part of the length of the wall and to sink the joists of such building into the wall to the depth of four inches, provided that before proceeding to join any building to the party wall and make use thereof by breaking into it, Boddecker or his heirs or assigns should pay to Degenhardt one-half the value of the wall or so much thereof as should be joined to or used. Provision was also made for an extension of the wall along the line on the same terms. It was agreed that if it became necessary to repair or re-build the whole or any portion of the party wall the expense of such repairs or re-building

should be borne accordingly by the parties or their assigns as to so much of the wall as the parties may use jointly. The agreement was declared to be perpetual and a covenant running with the land. The affidavit of claim alleges: "Plaintiff claims that Degenhardt built the party wall and that Boddecker erected a four-story-and-basement building under the terms of the agreement, 24 feet wide by 80 feet deep, making use of the party wall, and that on June 1, 1918, plaintiff was seized and possessed of the building and the defendants of the adjoining building; that on June 1, 1918, the defendants, contrary to their duty and obligation in the premises to use and treat said party wall as a structure for the common benefit and convenience of both of the tenements which it separates, with the right to make use of it in any manner, either by deepening the foundations or increasing the height, so far as it can be done without injury to the other, did proceed to deepen the foundations of their building and excavated below the footing of the foundations of said party wall without properly supporting the same, as a result of which the party wall settled in such manner as to crack said wall loose from the roof and floors of plaintiff's building, crack the party wall, throwing it out of plumb and door openings to become out of square. The front of plaintiff's building settled on the side toward defendants' building so as to break the plate-glass windows in the front of plaintiff's building and crack the supporting piers under the front of plaintiff's building, and although requested after the wall began to settle, the defendants failed and neglected to re-enforce the same and failed and neglected to restore plaintiff's building, so far as possible, to its former condition." The affidavit of claim then sets out the repairing necessary and the cost of the same, amounting to $506, and further charges: "All of which became necessary to minimize the damages suffered by plaintiff by reason of the wrongful acts of defendants; that the value of the building and property has been de-

preciated, by reason of said wrongful acts, to the extent of $4000; that plaintiff also suffered damages, caused by the wrongful acts of the defendants, while the store was barricaded, said loss amounting to $500."

To the affidavit of claim the defendants filed their affidavit of merits in the following language: "Defendants state that there are no provisions in said agreement as to the manner in which any addition to or change of said wall may be made, and that any question pertaining thereto shall be first decided by arbitration; that the agreement was never violated by these defendants; that they did not excavate below the footing of the foundation of said party wall and did not proceed to deepen the foundation under their said building; that the cracking, if any, of the wall, or the damages, was not caused by any act on the part of defendants." The affidavit of merits denied the damage and expenditures complained of, or that the value of the building had depreciated, or that plaintiff had "suffered any damages for which the defendants are accountable." It then charges that the damage arising from the settling of the party wall was due to certain changes which plaintiff had made in his building, adding: "Defendants state that the plaintiff violated this part of the party-wall agreement by inserting through the party wall, openings to the upper stories, contrary to ordinances of the city of Chicago."

Plaintiffs in error's contention is that the proceedings in this case were in tort and that the municipal court of Chicago was without jurisdiction to try the same. That court is not a court of general jurisdiction. Its powers are prescribed by the statute. Its first-class cases are: (*a*) All acts on contracts, express or implied; (*b*) all actions for the recovery of personal property; (*c*) all actions for the recovery of damages for the conversion of or injury to personal property when the amount involved in the case exceeds $1000. (Cahill's Stat. chap. 37, sec. 2.) There is no express or implied power given to the municipal court

to try actions in tort for damages to real estate where the damages claimed exceed $1000, and it is a well settled rule that where the court does not have jurisdiction of the subject matter of a lawsuit the same cannot be conferred upon it by agreement or action of the parties. (*Seney* v. *Knight,* 292 Ill. 206; *People* v. *Industrial Savings Bank,* 275 id. 139; *Peterson* v. *Peterson,* 264 id. 121.) The form of action is to be determined by the pleadings. In this case, as we have seen, the *præcipe* was for a summons in trespass on the case. In the statement of claim defendant in error sets out damages to his real estate and the building thereon. At the trial of the case counsel for plaintiffs in error requested the attorney for defendant in error to state whether or not the action was in contract or trespass. Counsel for defendant in error replied that the action was trespass on the case. The decision of the court was that there was no contractual obligation on the part of the plaintiffs in error that had been violated, and that if there was any liability such must be based on some violation or disregard of some duty which defendants owed the plaintiff or upon some negligence or carelessness on the part of the defendants. An examination of the statement of claim suffices to show that it does not allege a breach of contract. While it sets out the agreement under which defendant in error claims his right to have his wall protected, it neither avers any contractual obligations on the part of the plaintiffs in error nor any breach of contract by them. It charges, as we have seen, that the plaintiffs in error, in deepening the foundation of their building, excavated below the footing of the party wall without proper support of the same, with the result that the wall of the defendant in error cracked, by reason of which certain damages occurred to his building and costs accrued in the repair thereof. The affidavit of claim sets out various items of that repair, which repair defendant in error claims was occasioned by the unlawful act of the plaintiffs in error. It appears not to be seriously

contended by defendant in error that the action in the case was not an action in tort, but it is averred that plaintiffs in error by their affidavit of merits waived the question and answered as though defending an action on contract. We do not so construe their affidavit of merits, and even if such were the correct construction to be placed upon this affidavit, parties cannot, as we have seen, confer jurisdiction by waiver or agreement. While it was necessary for the claimant in this case to show by what right he maintained an action in tort and reference to the contract for a party wall was therefore proper, this does not in anywise change his form of action from an action *ex delicto* to one *ex contractu.*

Counsel for the defendant in error contends, and cites numerous authorities in support of the argument, that the particular injuries in this case are such as might be sued for either in contract or in tort. Conceding that this be true but not deciding the question, defendant in error sued in tort, and having elected to pursue his remedy in a court that had no jurisdiction of the subject matter he is not aided by the fact that he might have started some other cause of action. The affidavit of claim states a cause of action in tort. The case was tried and the judgment was entered on the theory that the matters involved were *ex delicto*. Counsel for plaintiffs in error objected to the jurisdiction of the court at the time of the trial. It might well be questioned whether or not, as a claim *ex contractu,* the affidavit of claim set up a good cause of action.

We are of the opinion that the municipal court had no jurisdiction of the subject matter and that its judgment was therefore void. It was error on the part of the Appellate Court to affirm that judgment. The judgments of the Appellate and municipal courts are therefore reversed.

*Judgment reversed.*