Allen J.
 

 It is conceded that the plaintiff in error is a public utility within the purview of the General Code of Ohio, and that the sole legal ques
 
 *494
 
 tion to be determined is whether the Public Utilities Commission of Ohio has jurisdiction to pass upon the issue of securities of an interstate public utility when the proceeds from the sale of such issue are to be used to provide additional equipment and working capital to be used outside of the state.
 

 For the solution of this question, we must examine Sections 614-53 and 614-55, G-eneral Code, which read as follows:
 

 Section 614-53. “A public utility or a railroad, as defined in this act, may, when authorized by order of the commission, and not otherwise, issue stocks, bonds, notes and other evidences of indebtedness, payable at periods of more than twelve months after date thereof, when necessary for the acquisition of property, the construction, completion, extension or improvement of its facilities or for the improvement or maintenance of its service, or for the reorganization or readjustment of its indebtedness and capitalization, or for the discharge or lawful refunding of its obligations, or for the reimbursement of moneys actually expended from income or from any other moneys in the treasury of the public utility or railroad not secured or obtained from the issue of stocks, bonds, notes or other evidences of indebtedness of such public utility or railroad within five years next prior to the filing of an application therefor as herein provided, or for any of the aforesaid purposes except maintenance of service and except replacements in cases where the applicant shall have kept its accounts and vouchers of such expenditures in such manner as to enable the commission to ascertain the amount of money so expended and the purposes for which said expenditure was made. * * *
 

 
 *495
 
 “The commission may, by order duly made, authorize the issue of bonds, notes, or other evidences of indebtedness, for the reimbursement of money heretofore actually expended from income for any of the aforesaid purposes, except maintenance of service and replacements prior to five years next preceding the filing of an application therefor, if such application for such consent be made prior to January 1, 1913. Any bonds, notes, or other evidences of indebtedness, payable at periods of more than twelve months after date thereof, may be issued as herein provided, regardless of the amount of the capital stock of the public utility or railroad, subject to the approval of the commission to the excess of such bonds, notes, or other evidences of indebtedness above the amount of the capital stock of such public utility or railroad, notwithstanding any provisions of the General Code of Ohio now in force to the contrary.
 

 “Provided, however, that it shall be the duty of the commission to authorize on the best terms obtainable, such issues of stocks, bonds and other evidence of indebtedness as shall be necessary to enable any public utility to comply with the provisions of any contract heretofore made between such public utility and any municipality. ”
 

 Section 614-55. “For the purpose of enabling the commission to determine whether it should issue such order, it shall hold such hearings, make such inquiries or investigation, - examine such witnesses, books, papers, documents and contracts as it may deem proper.
 

 “The order of the commission shall fix the amount, character and terms of any such issue, and
 
 *496
 
 the purposes to which the issue or any proceeds thereof shall be applied, and recite that the money, property, consideration, or labor procured or to be procured or paid for by such issue, has been, or is reasonably required for the purposes specified in the order, and the value of any property, consideration or service as the case may be, as found by the commission for which in whole or in part, such issue is proposed to be made.
 

 “No such public utility or railroad shall, without the consent of the commission, apply any such issue or its proceeds to any purpose not specified in the order. Such public utilities or railroads may issue notes for proper corporate purposes, and not in violation of any provision of this act, payable at periods of not more than twelve months without the consent of the commission, but no such notes shall, in whole or in part, directly or indirectly, be refunded by any issue of stocks or bonds, or by , any evidence of indebtedness, running for more than twelve months without the consent of the commission.
 

 “All stocks, bonds, notes or other evidence of indebtedness, issued by any public utility or railroad without the consent or permission of the commission, as herein provided, shall be void and of no effect. No interstate railroad or public utility shall be required, however, to apply to the commission for authority to issue stock, bonds, notes or other evidence of indebtedness for the acquisition of property, the construction, completion, extension or improvement of its facilities or the improvement or maintenance of its service outside the state, or for the discharge or refunding of obligations issued
 
 *497
 
 or incurred for such purposes or for reimbursement of moneys actually expended for such purposes outside of the state.”
 

 Counsel for plaintiff in error cite the case of
 
 Politz
 
 v.
 
 Public Utilities Commission,
 
 97 Ohio St., 191, 119 N. E., 507, and claim that this case completely adjudicates this controversy in their favor. The syllabus of the
 
 Pollitz case
 
 is broad enough to dispose of this particular question; but an examination of the opinion and of the petition in error filed in that case shows that the question of jurisdiction was in no way involved in that adjudication; the word “jurisdiction” not being even mentioned in the application for rehearing or in the petition in error. It was the organization of the applicant and the use of its capital and the action of the board of directors of the applicant company which were challenged in that case.
 

 We proceed, therefore, to inquire whether or not under the statutes above set forth the Public Utilities Commission has jurisdiction in the instant application.
 

 The plaintiff in error urges that the sentence of Section 614-55, which provides that “all stocks * * * issued by any public utility * * * without the consent or permission of the commission * * * shall be void and of no effect,” requires a decision in its favor. However, this sentence is immediately followed by the sentence which states that “no interstate railroad or public utility shall be required, however, to apply to the commission for authority to issue stock, * * * for the * * * construction, completion, extension or improvement of its facilities outside of the state.” It is admitted
 
 *498
 
 that this working capital, to be secured by the issue of the stock here in question, will be used for the maintenance of service outside of the state. If a public utility cannot be compelled to secure the consent of the commission for authority to issue this stock, must the commission entertain and determine its application where the utility voluntarily chooses to make the application?
 

 The very gist of jurisdiction is the power to compel parties to come before the court or body which has the jurisdiction. Control and obligatory authority are the essence of jurisdictional power. This jurisdiction must be conferred by law, and cannot under any circumstances be conferred by the mere consent of the parties. 7 Ruling Case Law, Section 76, page 1043;
 
 Marin Municipal Water District
 
 v.
 
 North Coast Water Co.,
 
 178 Cal., 324, 173 P., 473;
 
 Eaton
 
 v.
 
 Eaton,
 
 233 Mass., 351, 124 N. E., 37, 5 A. L. R., 1426;
 
 Perkins
 
 v.
 
 Perkins,
 
 7 Conn., 558, 18 Am. Dec., 120;
 
 Bent’s Exr.
 
 v.
 
 Graves,
 
 3 McCord (S. C.), 280, 15 Am. Dec., 632;
 
 Freer
 
 v.
 
 Davis,
 
 52 W. Va., 1, 43 S. E., 164, 59 L. R. A., 556, 94 Am. St. Rep., 895;
 
 Town of Wayne
 
 v.
 
 Caldwell,
 
 1 S. D., 483, 47 N. W., 547, 36 Am. St. Rep., 750;
 
 Block
 
 v.
 
 Henderson,
 
 82 Ga., 23, 8 S. E., 877, 3 L. R. A., 325, 14 Am. St. Rep., 138;
 
 Conant
 
 v.
 
 Deep Creek & Curlew Valley Irrigation Co.,
 
 23 Utah, 627, 66 P., 188, 90 Am. St. Rep., 721;
 
 Board of Commrs. of Marion County
 
 v.
 
 Jewett,
 
 184 Ind., 63, 110 N. E., 553;
 
 Roby
 
 v.
 
 South Park Commrs.,
 
 215 Ill., 200, 74 N. E., 125;
 
 People
 
 v.
 
 Industrial Savings Bank,
 
 275 Ill., 139, 113 N. E., 937;
 
 Patrone
 
 v.
 
 M. P. Howlett, Inc.,
 
 237 N. Y., 394, 143 N. E., 232;
 
 Williams
 
 v.
 
 Hankins,
 
 75 Colo., 136, 225 P., 243;
 
 Ex parte Hall,
 
 94 N. J. Eq., 108, 118
 
 *499
 
 A., 347;
 
 In re Dick’s Estate,
 
 273 Pa., 69, 116 A., 549;
 
 Town of Kingston
 
 v.
 
 Anderson,
 
 300 Ill., 577, 133 N. E., 347;
 
 Jordan
 
 v.
 
 Jordan,
 
 145 Tenn., 378, 239 S. W., 423;
 
 Little River Drainage Dist.
 
 v.
 
 Houck,
 
 282 Mo., 458, 222 S. W., 384;
 
 Appeal of McLain,
 
 189 Iowa, 264, 176 N. W., 817;
 
 Malina
 
 v.
 
 Oplatka,
 
 304 Ill., 381, 136 N. E., 666;
 
 Attorney General
 
 v.
 
 Pelletier,
 
 240 Mass., 264, 134 N. E., 407;
 
 Shelton
 
 v.
 
 Sydnor,
 
 126 Va., 625, 102 S. E., 83;
 
 Rabbitt
 
 v.
 
 Frank C. Weber & Co.,
 
 297 Ill., 491, 130 N. E., 787;
 
 State, ex rel. Kelly,
 
 v.
 
 Trimble et al., Judges,
 
 297 Mo., 104, 247 S. W., 187, 1009.
 

 Since the Public Utilities Commission cannot compel the plaintiff in error to apply to it for authority to issue this stock, it cannot be forced by voluntary application to authorize the issue. We agree that the commission has no jurisdiction to pass upon the issuance of stock under the circumstances set forth in this record.
 

 Order affirmed.
 

 Kinkade, Robinson, Jones, Matthias and Dat, JJ., concur.