Midwest Piping and Supply Co., Inc. *v.* Thomas
Spacing Machine Co., Appellant.

Argued April 28, 1933.

Before Trexler, P. J., Keller, Cunning-
ham, Baldrige, Stadtfeld, Parker and James, JJ.

*H. F. Stambaugh,* and with him *Ralph H. Demmler* and *Watson & Freeman,* for appellant.—In order to authorize the recovery upon a judgment of a court of limited or inferior jurisdiction of another state, all the facts essential to show jurisdiction in that court must appear on the face of the transcript or record: Perry v. Northern Insurance Company, 5 Phila. 188; Thompson and Kersey et al. v. Owen et al., 8 Kulp 36; Galpin v. Page, 18 Wall. 350.

*Maurice Finkelhor,* for appellee.—The provisions of the warrant of attorney on which a judgment was obtained in a foreign state need not be set out in the exemplification: Rogers v. Burns, Administrator of Lynch, 27 Pa. 525; First National Bank of Omaha v. Samuel M. Crosby, 179 Pa. 63; Hogg v. Charlton, 25 Pa. 200.

OPINION BY STADTFELD, J., July 14, 1933:

This is an appeal by defendant from a judgment entered against it in default of an affidavit of defense after the court below had overruled the questions of law raised by it under a statutory demurrer and had given defendant the right to file an affidavit of defense to the merits "if it sees fit to do so."

Plaintiff filed an action of assumpsit upon what was

alleged to be a transcript or exemplification of the record of a judgment in the sum of $824.50, recovered in the municipal court of the City of Chicago, and alleged that no part of the judgment had been satisfied.

The transcript, duly certified, and attached to the statement of claim, sets forth the following: "Now comes the plaintiff in this cause; also comes the defendant, who by virtue of defendant's warrant of attorney files herein a cognovit confessing the action of the plaintiff against the defendant and that the plaintiff has sustained damages herein against the defendant in the sum as set forth in said cognovit.

"Whereupon the plaintiff moves the court for final judgment herein. It is therefore considered by the court that the plaintiff have and recover of and from the defendant Thomas Spacing Machine Co., a corporation, the damages of the plaintiff amounting to the sum of eight hundred twenty-four and 50/100 dollars ($824.50) in form as aforesaid confessed, together with the costs by the plaintiff herein expended, and that execution issue therefor."

Defendant filed a statutory demurrer, and in support thereof averred, inter alia, (1) the absence of a copy of the "cognovit" upon which judgment was entered; (2) that it does not appear that the confession of judgment was entered by a person duly authorized; and (3) that it does not appear from either the statement or the transcript of the judgment that the court which entered the judgment had jurisdiction.

The case came up for argument before the court en banc, (REID, SNEE and McNAUGHER) which overruled the statutory demurrer in an opinion by REID, J., giving the defendant additional time to file an affidavit of defense to the merits "if it sees fit to do so." This time was subsequently extended by the court at the instance of defendant, and, on November 14, 1932, no affidavit of defense to the merits having been filed,

judgment was entered by plaintiff against defendant in default thereof. The court below based its action, and cited various authorities in support of the propositions, that the absence of a warrant of attorney to bring the action could not be set up in an action on a foreign judgment properly certified as provided by the Act of Congress; that it was not necessary that the note which was the foundation of the suit in the court in which judgment was obtained, should be incorporated in the exemplification or transcript of a suit upon a judgment recovered thereon, and that the record of the judgment on which suit was brought could not be impeached. The court also cited various Illinois cases in support of the claim that the municipal court is a court of record and has unlimited jurisdiction in actions on contracts. With these propositions we have no fault to find where they properly apply or are established in the proper manner.

On the face of the transcript or exemplification of the record attached to plaintiff's statement, it is apparent that it is only a copy of the docket entry showing the entry of a judgment. Neither in the statement of claim, nor in said transcript or exemplification, is there any averment that the municipal court of Chicago is a court of general jurisdiction, nor are any facts averred from which the nature or character of its jurisdiction may be inferred.

The jurisdiction of the municipal court of Chicago depends upon the statutes of Illinois of which we can only take notice when they are pleaded and proved as facts. In the absence of any averment as to general jurisdiction, and not desiring to appear as following the same course which we criticize in the lower court, we may cite in answer to the cases cited by it, that the appellate courts of Illinois have held in numerous cases that the municipal court of Chicago is not a court of general jurisdiction but is a court of limited juris-

diction: Malina v. Oplalka, 304 Ill. 381; 136 N. E. 666; Thorne v. Alcasar Amusement Co., 210 Ill. App. 173; O'Shea v. Farrelly, 302 Ill. 126; 134 N. E. 2; People v. Dummer, 274 Ill. 637; 113 N. E. 934; People v. Industrial Savings Bank, 275 Ill. 139, 113 N. E. 937.

In Lott v. Davis, 264 Ill. 272, the Supreme Court of Illinois stated that the purpose of the legislation creating the municipal court of Chicago was to abolish the offices of justice of the peace and police magistrate in the city, and to confer their jurisdiction upon the municipal court.

In order to authorize the recovery upon a judgment of a court of limited or inferior jurisdiction of another state, all the facts essential to show jurisdiction in that court must appear on the face of the transcript or record.

34 C. J. 1154: "...... However, no presumption of validity can be indulged to support the judgment of an inferior court of another state; all the facts essential to jurisdiction must appear on the face of the record or be shown by competent evidence, before it can be accepted as a binding and conclusive adjudication."

In Perry v. Northern Insurance Company, 5 Phila. 188, an action of debt was brought on the record of a judgment of a justice of the peace of the State of New York.

Judge HARE, of the court of common pleas of Philadelphia County, took judicial cognizance of the fact that the judgment was by a court of inferior jurisdiction and entered judgment for the defendant.

Judge HARE said: "...... *But the jurisdiction of an inferior court must appear on the face of its proceedings,* and, if they are silent, the void cannot be supplied by inference, either as regards the cases or the parties. And apart from this, the right of every one who is sued in one of the States of the Union on a judgment rendered in another, to show that he was

not amenable to the authority of the court by which the judgment was pronounced, is thoroughly well established by the decisions of the state courts and of the Supreme Court of the United States. The clause of the Constitution providing that the judgments of each state shall have full faith and credit in every other, means such judgments as are, by the general rules of jurisprudence, entitled to faith and credit in themselves, and was not intended to invest the state courts with the power of binding the citizens of other states or of foreign countries, on whom no process has been served, and who are not within the territorial limits of the state at the time, or in any way subject to its laws."

In Galpin v. Page, 18 Wall. 350, 366, the court, by Mr. Justice FIELD, said: ". . . . . . The rule is different with respect to courts of special and limited authority; as to them there is no presumption of law in favor of their jurisdiction; that must affirmatively appear by sufficient evidence or proper averment in the record, or their judgments will be deemed void on their face."

In Friedman v. The Metropolitan Steamship Company, 109 App. Div. 600; 96 N. Y. Supp. 331, in reversing a judgment of the Supreme Court based upon a transcript of a judgment of a municipal court, the Appellate Division, by Mr. Justice CLARKE, said (602): "There is, however, one objection urged which is of weight. In pleading or proving a judgment of a court of limited or special jurisdiction, the facts necessary to confer jurisdiction to render the judgment must be fully set forth, or every fact necessary to confer jurisdiction to render judgment in the action must be recited."

Black on Judgments, Vol. 2, p. 1306, Par. 875, says: "And it is further to be observed that if the court rendering the judgment was one of *limited, inferior* or

*statutory* jurisdiction, or if the proceedings were in derogation of the common law, jurisdiction will not be presumed but must be affirmatively shown by the face of the record or fully and distinctly pleaded and proved. For even in the case of domestic judgments, as we have already seen, there can be no presumption in favor of the jurisdiction of such courts, unless all the facts necessary thereto appear on the face of the proceeding.''

2 Freeman on Judgments (5th Ed.), Sec. 1108: '' . . . . . . But nothing is presumed in favor of the jurisdiction of inferior courts. Hence such jurisdiction must be shown. If an inferior court upon whose judgment an action is brought was a foreign one, its jurisdiction over the subject matter must be alleged, because judicial notice will not be taken of the laws conferring jurisdiction upon the inferior courts of other states or countries.'' To same effect is Gay v. Lloyd, 1 G. Greene (Ka.) 78, 46, Am. Dec. 499. Wetherill v. Stillman, 65 Pa. 105; Mink v. Shaffer, 124 Pa. 280.

It is not necessary where the record is that of a court of general jurisdiction that the warrant of attorney on which the judgment was entered should appear in the record—Rogers v. Burns, 27 Pa. 525; nor the note on which the judgment was founded, First Nat. Bank v. Crosby, 179 Pa. 63; Hogg v. Charlton, 25 Pa. 200.

The burden is on plaintiff to aver that the court is one of general jurisdiction, or if of limited jurisdiction that it extended to the cause of action for which the judgment was recovered.

In McLaughlin v. Nichols, 13 Abb. Pr. (N. Y.) 244, an action was brought on a judgment alleged to have been recovered ''in Warren County circuit court, State of New Jersey.''

The court sustained a demurrer to the complaint

on the ground that it did not set forth facts to show that the Warren County circuit court was a court of general jurisdiction.

The Supreme Court, Emmot, J., said (246, 247): "We are not informed, by this pleading, of the jurisdiction of the Warren County circuit court in New Jersey, nor whether it has jurisdiction of the subject of the suit which it is alleged was brought in it by the plaintiff against the defendants. It is not stated whether it is a court of general or limited jurisdiction, and we have no judicial knowledge upon that subject, for its jurisdiction depends upon the Statutes of New Jersey, of which we can only take notice when they are pleaded and proved as facts. *The complaint should have averred the fact of the existence of a general jurisdiction* in this court, or of a limited jurisdiction, which extended to the cause of action for which the judgment was recovered, whatever it was. It should also have stated that the court had or obtained jurisdiction of the person of the defendants. The present complaint is, therefore, defective, and the demurrer should have been allowed." To same effect see Pennington v. Gibson, 16 How. 65; Kopperl v. Nagy, 37 Ill. 23. In the last case cited the Supreme Court said: "It is well settled that no intendments can be indulged in favor of the jurisdiction of inferior courts, but their jurisdiction must affirmatively appear, or their judgments will be absolutely void." To same effect Peacock v. Bell, 1 Saund. 73.

A court of general jurisdiction has been defined as follows: 15 C. J. 726: "General jurisdiction is such as extends to all controversies which may be brought before a court within the legal bounds of rights and remedies. Limited or special jurisdiction, on the other hand, is jurisdiction which is confined to particular causes, or which can be exercised only under the limitations and circumstances prescribed by the statute."

A specially created statutory court is not a court of general jurisdiction.

In Trimble Bros. v. Stamper, 179 Mo. App. 300, 165 S. W. 820, suit was brought on a judgment rendered in the Montgomery quarterly court in Montgomery County, Kentucky. The plaintiff offered the judgment and rested. The lower court granted judgment for the defendant. The appellate court, in affirming, said, inter alia (301): "The foreign judgment purported to have been rendered by the Montgomery quarterly court. Kentucky is a common law State and said court must be a statutory court and not a common law court of general jurisdiction. Being a statutory court, its jurisdiction is limited and defined by the statute creating it. There was no proof of such statute nor of the jurisdiction of the said court ...... The judgment of a foreign court of statutory or limited jurisdiction is not entitled to full faith and credit unless these matters are shown."

Appellee contends that if the appellant could question the jurisdiction, it would have to do so by affidavit of defense, and not by demurrer, and that appellant having failed to do so, it cannot now question the validity of the judgment in default of an affidavit of defense. This may ordinarily be the proper practice as indicated in Com. v. Moran, 251 Pa. 477, affirming 58 Pa. Superior Ct. 362. The judgment however must be self-sustaining. Grace Contracting Co. v. N. & W. Ry. Co., 259 Pa. 241. In the instant case however, there being no averment in the statement of claim or in the exemplification of the record, that the municipal court is a court of general jurisdiction, or any averment as to the nature of its jurisdiction, the question of jurisdiction can be raised at any time.

In Gilbert v. York, 111 N. Y. 544; 19 N. E. 268 suit was brought on a judgment of a county court of the

State of New York. The county court was given jurisdiction, by statute, of actions of debt, assumpsit or covenant, where the debt or damages claimed did not exceed $2,000, and where all the defendants resided in the county in which the court was held. The court of appeals sustained a demurrer to the complaint on the ground that it did not allege facts to show the jurisdiction of the county court. Mr. Justice ANDREWS said (269, 270): "In Peacock v. Bell, 1 Saund. 73, it is said that 'nothing shall be intended to be without the jurisdiction of a Superior Court but that which specially appears to be so; and, on the contrary, nothing shall be intended to be within the jurisdiction of an inferior court but that which is so expressly alleged. This statement of the rule has been frequently approved. The rule has been applied in many cases in the Supreme Court of the United States to test the validity of judgments rendered in the Circuit Courts of the United States. ...... and it is further held that the question may be raised for the first time on appeal of error, and, if on examination it is found that the record is silent as to the jurisdictional fact, the judgment will be reversed. Stanley v. President, etc., 4 Dall. 8; Robertson v. Cease, 97 U. S. 646; Grace v. Insurance Co., 109 U. S. 283, 3 Superior Ct. Rep. 207; Insurance Co. v. Rhoads, 119 U. S. 237, 7 Superior Ct. Rep. 193.''

The record in the instant case, lacking the jurisdictional averments, the statutory demurrer should have been sustained and plaintiff permitted to file an amended statement as indicated in Rhodes v. Terheyden, 272 Pa. 397; Winters v. Pa. R. R. Co., 304 Pa. 243.

The assignments of error are sustained, the judgment reversed, and the statutory demurrer is reinstated.

Concurring Opinion by Keller, J., July 14, 1933:

I concur in the judgment entered in this case, but in addition to the ground relied on in the opinion of the court, I base my action on the further ground that the plaintiff's statement shows on its face that the alleged exemplified copy of the judgment sued on is not a full and complete copy of the record in the municipal court of Chicago, but only an exemplified copy of some of the proceedings in that action, to wit, a copy of the appearance or court docket entry in the case showing the entry of judgment; and hence is not self-sustaining and cannot support a judgment by default.

Our Supreme Court, in construing the Practice Act of 1887, (May 25, 1887, P. L. 271), held that a statement of claim, which was based on a judgment or decree of a court of another state, or of a United States Court, sitting in another county, was defective if it did not set out the "full record" of that suit: Finch v. White, 190 Pa. 86, 42 Atl. 457; Campbell v. Pittsburgh & Western Ry. Co., 137 Pa. 574, 20 Atl. 949. The same rule applies to the Practice Act of 1915, (May 14, 1915, P. L. 483): Clark v. Davidson, 83 Pa. Superior Ct. 79, 83.

Neither the constitutional provision that "Full faith and credit shall be given in each State to the public acts, records and judicial proceedings of every other State......" (Art. IV, sec. 1), nor the Act of Congress of May 26, 1790, (U. S. Rev. Stat. sec. 905; U. S. Code, Title 28, sec. 687) passed pursuant to it, and providing how *"the records and judicial proceedings of the courts of any state"* shall be proved or admitted in any other court within the United States, gives to such a mere docket entry the force and effect of the record of a judgment, to which full faith and credit must be given.

A "record" of a court is a memorial or history of

the judicial proceedings in a case, commencing with the writ or complaint and ending with the judgment (15 C. J. 971); "A precise statement of the suit from its commencement to its termination, including the conclusion of law thereon, drawn up by the proper officer, for the purpose of perpetuating the exact state of facts": Bouvier's Law Dictionary, 3 Rawle Revision 2843. The docket is only a court book in which the judicial proceedings constituting the record are briefly noted, (15 C. J. 972). A copy of the docket entries is not a copy of the record.

Judgments in judicial proceedings, within the Act of Congress, are only such as have been rendered by a competent court, having jurisdiction of the cause and the parties.

Hence in a litigated action the record, a copy of which is to be attached to the plaintiff's statement, must show the writ, the fact and manner of service on the defendant, the pleadings and the verdict and judgment. The testimony does not form part of the record proper.

In a judgment by confession on warrant of attorney, if the note and warrant remain in the court as part of the judicial proceedings, they must be set forth at length in the exemplified copy, to be attached to the plaintiff's statement; if they do not so remain, they need not be copied at length into the record; but then the declaration or narr. and the confession or subsequent proceedings leading up to the judgment must be included in the exemplified record. In Finch v. White, supra, the original judgment of a court of Maryland sued upon was a confessed judgment, and the exemplified copy attached to the plaintiff's statement was only a copy of the docket entries (see appellee's brief, p. 88); and the statement was held to be insufficient on demurrer, but leave was given to amend. It is controlling of this case.

While it has been said that the record of the judgment sued upon need not show a warrant of attorney (Rogers v. Burns, Admr. of Lynch, 27 Pa. 525), care must be taken not to extend this too broadly. The original action in that case was an adverse suit brought by Rogers against Lynch in the District Court of the United States for the District of Mississippi, and it was held that the judgment could not be impeached because the exemplification of the record did not show a warrant of attorney *to institute the suit.* I practiced law actively for twenty-five years before I went on the bench, and I do not recall that I ever filed a warrant of attorney either to bring, or defend, a litigated action. It is not usually or commonly done in this state. But if a rule had been entered requiring an attorney either for the plaintiff or defendant to file his warrant of attorney, and he had done so, then the rule and the warrant of attorney would have formed part of the record of the judicial proceedings and would have had to be exemplified as part of the record.

So if in judgments by confession or cognovit the entry of the judgment refers to and is based on a warrant of attorney, which is filed in the court and becomes part of the proceedings in the case, then the warrant of attorney forms part of the record and must be exemplified in the proceedings sued upon in another state.

A copy of whatever forms the "record proper" of the judicial proceedings in the court of original jurisdiction must, under our Practice Act, aforesaid, be exemplified and attached to the plaintiff's statement in order to sustain an action in this state on the judgment rendered in the court of original jurisdiction.

This is clear not only from the decisions before cited, but also is apparent from the statements of facts and the opinions in the cases in this state dealing with

actions on judgments of courts in sister states. See, in addition to cases cited above, inter alia, Price v. Schaeffer, 161 Pa. 530, 29 Atl. 279; Cushing v. Perot, 175 Pa. 66, 34 Atl. 447; Ratterree v. Schonhardt, 105 Pa. Superior Ct. 321, 161 Atl. 461.

The record sued on must, on its face, show that the court which entered the judgment had jurisdiction of the parties and of the subject matter. This is not accomplished by an exemplification of a mere docket entry of the judgment.

In this particular case, the exemplified copy of the record does not purport to be a "true, perfect and complete copy" of the judgment record entered in the case or action between the plaintiff and defendant, but only of "certain proceedings made and entered of record" in that case, and it is apparent from its face that "it is only a copy of the docket entry showing the entry of judgment." The exemplified copy of the docket entry referred to a warrant of attorney filed in the cause and to a cognovit filed therein by an unnamed attorney who appeared for the defendant, "confessing the action of the plaintiff against the defendant" and that "plaintiff has sustained damages herein against the defendant in the sum as set forth in the cognovit;" showing that the plaintiff had filed a pleading setting forth a cause of action, that a warrant of attorney had been filed by defendant, and that acting under its authority, an attorney had appeared for the defendant and by a cognovit filed confessed the action, on which judgment had been entered for the plaintiff for the amount demanded. It was these papers, remaining of record in the office of the clerk of the court,—and not the docket entry concerning them—which constituted the "judicial proceedings" to which full faith and credit must be given, when exemplified in accordance with the Act of Congress, and, which, with the docket entries, formed

the record which must be attached to the plaintiff's statement in an action based upon it in this Commonwealth. As a duly exemplified copy of this record was not attached to the plaintiff's statement in this case, but only such a copy of the docket entry of those proceedings, the statement was insufficient to support a judgment for want of a sufficient affidavit of defense: Chestnut St. Natl. Bank v. Ellis, 161 Pa. 241, 28 Atl. 1082; Finch v. White, supra.

I have gone into the matter at this length because, while our modern practice acts have done away with many formalities in pleading, they still have some basic requirements which must be observed, and lawyers must not mistake what constitutes the record of the judicial proceedings culminating in a judgment in another state which must be exemplified and attached to the plaintiff's statement, under our Practice Act, in order to found an action upon it in this State.