## Bean v. Eshleman et al.

*K. L. Shirk*, for plaintiff.

*G. T. Hambright*, for defendants.

ATLEE, P. J., January 17, 1936.—Ivan R. Bean, the plaintiff, issued a foreign attachment in assumpsit against U. M. Eshleman, the defendant, with bail in the sum of $1,791.64, and with directions to the sheriff to attach all of the property, rights, and credits of the said defendant in the hands of Benjamin Eshleman and Rodney M. Eshleman, executors of the estate of Mary Mercur Eshleman, deceased.

In the plaintiff's statement of claim filed in this case there is claimed from the defendant the sum of $895.62, together with interest thereon from May 23, 1935. The

cause of action is detailed as follows: The plaintiff Ivan R. Bean is a resident of the State of California, and the defendant U. M. Eshleman is not a resident of the State of Pennsylvania and when last heard of was a resident of the State of California; U. M. Eshleman is a legatee and beneficiary under the will of his mother, the late Mary Mercur Eshleman, deceased; and the defendant is indebted to the plaintiff in the said sum of $895.82, together with interest from May 23, 1935, upon a final judgment entered in favor of the plaintiff and against the defendant in the Municipal Court of the City and County of San Francisco, State of California, being cause no. 51555.

To this plaintiff's statement the defendant has filed an affidavit of defense as follows:

"1. The statement of claim fails to set forth a copy of the record of the judgment in the justice's court, including copies of notes, contracts and obligations upon which the judgment is based.

"2. The statement of claim fails to set forth a copy of the record of the judgment in the municipal court, including copies of notes, contracts and obligations upon which the judgment is based.

"3. The statement of claim is defective in that it is not accompanied by a full copy of the record of the justice's court on which this action is founded.

"4. The statement of claim is defective in that it is not accompanied by a full copy of the record of the municipal court on which this action is founded.

"5. All the municipal courts and the justices' courts of the State of California are courts of limited jurisdiction and the statement in this case fails to set forth that the proceeding upon which the judgment is based in these courts was within the jurisdiction of either of said courts.

"6. The statement in the case shows that suit was instituted on the 15th day of May, 1933, and that the service was not made upon the defendant until March 29,

1935, and judgment was entered on May 23, 1935, which service was long beyond the return day of the writ.

"7. The record in the case is not properly authenticated in accordance with the provisions of the act of Congress in such case made and provided."

The concluding paragraph is: "Wherefore, the defendant, U. M. Eshleman, prays judgment if he should make further answer or denial; and prays judgment dismissing the plaintiff's statement of claim, and sustaining this proceeding in the nature of a demurrer," and the pleading is signed "U. M. Eshleman" in typewriting, and in writing by "G. T. Hambright, his attorney." Although the pleading is called "affidavit of defense raising questions of law", yet there is no affidavit attached to the pleading. Under section 4 of the Practice Act of May 14, 1915, P. L. 483, demurrers are abolished and the questions of law theretofore raised by demurrer must be raised in the affidavit of defense, as provided in section 20 of the Practice Act. In the case of Smalley v. Hartland-Blanchard Co., Inc., 32 York 158, 160, it is decided that an affidavit raising a question of law is in effect a demurrer, by whatever name it might be designated in the Practice Act, and therefore it need not be signed and verified by the defendant. This disposes of one objection raised by counsel for the plaintiff.

It is to be noted that the plaintiff's statement of claim and the copy of the court records attached to the statement are as follows:

"1. That on or about May 15, 1928, the said plaintiff recovered a judgment in the Justice's Court of the State of California in and for the City and County of San Francisco in case no. 132,651, against the said defendant U. M. Eshleman, in the sum of one hundred fifteen ($115.00) dollars principal, thirty-seven and 00/100 ($37.00) dollars interest, eleven and 50/100 dollars ($11.50) attorneys' fees and three and 15/100 ($3.15) dollars costs; that in the above entitled court in case no. 130,833, the said plaintiff recovered a judgment against

the said defendant U. M. Eshleman, in the sum of two hundred seventy-five and 00/100 ($275.00) dollars principal, one hundred thirty-two and 00/100 ($132.00) dollars interest and twenty-four and 00/100 ($24.00) dollars attorneys' fees.

"2. That no part of said judgments has been paid.

"3. That by reason of the premises aforesaid, there is now due, owing and unpaid from said defendant U. M. Eshleman, to this plaintiff, the total sum of five hundred ninety-seven and 75/100 ($597.75) dollars, together with interest thereon at the rate of seven (7%) percent from the dates of said judgments."

The defendant contends that this record is insufficient in that it is not accompanied by a full copy of the record of the judgment in the justice's court on which this action is founded, and, likewise, that it is not accompanied by a full copy of the record of the justice's court.

The defendant submits that all municipal courts and justices' courts are courts of limited jurisdiction. In the case of Midwest Piping & Supply Co., Inc., v. Thomas Spacing Machine Co., 109 Pa. Superior Ct. 571, the Superior Court, in an opinion by Judge Stadtfeld and a concurring opinion by Judge Keller, sets forth at length what is necessary to be pleaded in an exemplified copy of a judgment entered of record in a court of another State. In the plaintiff's statement it does not appear how the judgment obtained in the Justice's Court of the State of California got into the Municipal Court of the State of California.

In the present case, in sustaining the defendant's contention, the court is not bound to enter judgment for the defendant. It may make such other order as may be just. The court therefore sustains the affidavit of defense raising questions of law and gives the plaintiff 30 days from the date of the filing of this opinion to file an amended statement of claim.

From George Ross Eshleman, Lancaster.